BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| IN RE MICHELIN NORTH AMERICA, INC., PAX SYSTEM MARKETING AND SALES PRACTICE LITIGATION | ) ) ) ) ) ) )  MDL Docket No. 1911 |

PLAINTIFFS' RESPONSE IN SUPPORT OF TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF ILLINOIS AND IN OPPOSITION TO DEFENDANT MICHELIN NORTH AMERICA, INC.'S MOTION FOR TRANSFER TO THE DISTRICT OF MARYLAND

Pursuant to 28 U.S.C. § 1407 and J.P.M.L. Rule 7.2(c), Charles Williams, plaintiff in *Williams v. American Honda Motor Co., Inc. and Michelin North America, Inc.*, Civil Action No. 07CV5933 (N.D. Ill.); Larry Palmer, Hal Wochholz and Frank Matthews, plaintiffs in *Palmer, et al. v. American Honda Motor Co., Inc. and Michelin North America, Inc.*, Civil Action No. 2:07-cv-01904 (D. Ariz.); Nicholas Longo and Jibin Thomas, plaintiffs in *Longo v. American Honda Motor Co., Inc. and Michelin North America, Inc.*, Civil Action No. 07-civ-9339 (S.D.N.Y.); Michelle Smith, plaintiff in *Smith v. American Honda Motor Co., Inc. and Michelin North America, Inc.*, Civil Action No. 07-61524 (S.D. Fla.); and Jean Carper and Michael Muhlfelder, plaintiffs in

1

*Carper, et al. v. American Honda Motor Co., Inc. and Michelin North America, Inc.*, Civil Action No. CV 07-1481-MMM[1] (collectively "Plaintiffs").

## I. INTRODUCTION

At least six class actions (the "Actions") against American Honda Motor Co., Inc. ("Honda") and Michelin North America, Inc. ("Michelin") (collectively "Defendants") are pending in six different federal courts across the country. The actions allege similar violations of state statutes and common law in connection with the marketing, advertising and sale of the PAX® ("PAX") Tire and Wheel Assembly System (the "System" or the "PAX System").[2] Defendant Michelin has moved this Panel to transfer all Actions to the United States District Court for the District of Maryland for consolidated and/or coordinated pretrial proceedings.

While Plaintiffs agree that transfer and consolidation are appropriate given the similar factual and legal issues presented in the Actions, Plaintiffs oppose transfer of the Actions to the District of Maryland. Instead, Plaintiffs respectfully request transfer of the Actions to the Northern District of Illinois because it is the most convenient forum for the parties and potential witnesses, and has the resources and judicial expertise to efficiently adjudicate the Actions.

## II. BACKGROUND INFORMATION

The PAX System is manufactured by Michelin and preinstalled on certain Honda and Acura brand automobiles (the "Vehicles"), which are distributed and sold by Honda

---

[1] The *Carper* action is currently on appeal to the United States District Court for the Ninth Circuit, from the United States District Court for the Central District of California.

[2] Plaintiffs in five of the six Actions join in this Response. The remaining case, *Robinson v. American Honda Motor Co., Inc. and Michelin North America, Inc.*, Civil Action No. 06-3400 (D. Md.), which was dismissed in June 2007 in the District of Maryland, the forum for which Defendant Michelin advocates, is on appeal to the Fourth Circuit Court of Appeals.

2

throughout the United States. Specifically, Plaintiffs allege that, contrary to Defendants' misrepresentations that the Vehicles equipped with the PAX System offer consumers enhanced safety and convenience, Defendants concealed and failed to disclose to Plaintiffs and class members that neither they nor any third parties maintained sufficient repair or replacement facilities (or the necessary equipment or supplies to perform such repair or replacement) to appropriately address the needs of consumers; that the costs of repairing and replacing the PAX System tires are significantly higher than what is reasonably anticipated; and/or that the PAX System rendered the Vehicles inherently defective because, *inter alia*, the PAX System "run-flat" tires on the Vehicles are defective and susceptible to premature wear which, in turn, requires consumers to repair or replace their tires more frequently than anticipated or is otherwise reasonable.

### III.   ARGUMENT

Section 1407 authorizes this Panel to transfer and consolidate two or more civil cases for coordinated or consolidated pretrial proceedings upon a determination that (1) the actions involve one or more common questions of fact, (2) transfer of the actions serves the convenience of the parties and potential witnesses, and (3) transfer promotes the just and efficient conduct of the actions. The parties agree that the requirements for transfer and consolidation are satisfied here.

In selecting the most appropriate transferee forum for multidistrict litigation, this Panel considers numerous factors, including: the accessibility of the forum to the parties, witnesses and counsel; where discovery has occurred; the capacity and capability of the district to manage multidistrict litigation; and the skill and caseloads of available judges. *See Manual for Complex Litigation* (*Fourth*) (the "*Manual*") § 20.131 (2004). *See e.g.,*

*In re the TJX Cos., Inc., Fair & Accurate Credit Transactions Act Litig.*, 505 F. Supp. 2d 1379, 1380 (J.P.M.L. 2007) (centrality of location particularly important factor where no geographic focal point for nationwide docket); *In re Tyson Foods, Inc., Fair Labor Standards Act Litig.*, 502 F. Supp. 2d 1358, 1360 (J.P.M.L. 2007) (relevant to consider "general docket conditions" and court resources); *In re Rembrandt Techs., LP, Patent Litig.*, 493 F. Supp. 2d 1367, 1370 (J.P.M.L 2007) (relevant to consider skill of jurist and accessibility of district with capacity to handle the litigation); *In re Wheat Farmers Antitrust Class Action Litig.*, 366 F. Supp. 1087, 1088 (J.P.M.L. 1973) (centrality of location a factor in choice of transferee forum). In light of these factors, the Northern District of Illinois is the best forum choice for transfer and consolidation of the Actions because it is the most centrally located forum, will promote convenience and cost savings for the parties, witnesses and counsel, and has a capable, experienced judiciary well-equipped to efficiently oversee this docket. *Manual,* § 20.131.

      **A.**    **The Northern District Of Illinois Is The Most Convenient Forum For The Parties And Witnesses And Will Promote The Just And Efficient Adjudication Of The Actions.**

Because the parties and their counsel and, presumably, witnesses and relevant documents are dispersed throughout the United States, no single district is the geographic focal point for this litigation. Because of its central location, the Northern District of Illinois is the most appropriate transferee forum. *See In re the Regents of the Univ. of California*, 964 F.2d 1128, 1135 (J.P.M.L. 1992) (centrally located forum is better choice where witnesses are located throughout the world and counsel is located on both coasts of the United States); *Wheat Farmers*, 366 F. Supp. at 1088 (centrality of location a factor in choice of transferee forum).

Indeed, the Actions are pending across the country from California to New York, representing the national scope of this litigation and geographic diversity of potential class members and witnesses. Counsel for Plaintiffs and Defendants are also located throughout the United States, and Defendants are headquartered on opposite coasts – Honda's headquarters is in Torrance, California, and Michelin's is in Greenville, South Carolina. Both Defendants, however, maintain dealerships or offices in every state and they market and advertise the Vehicles and Systems nationwide. Therefore, witnesses, relevant documents and other sources of proof for both Plaintiffs and Defendants are presumably geographically dispersed throughout the country, and Defendants cannot show otherwise.[3]

As this Panel has recognized, where no district stands out as the focal point for a nationwide docket, centrality of location is a primary factor. *Regents,* 964 F.2d at 1135. In this case, the Northern District of Illinois is the most centrally located district in which any Action is pending. For this reason alone, the Northern District of Illinois is the most suitable transferee forum.

> **B.    The Northern District Of Illinois Is An Easily Accessible Forum And Boasts Numerous Transportation And Lodging Options.**

The Chicago area is served by two major airports, including the second busiest airport in the world in terms of flights, both of which service numerous discount carriers.

---

[3] In the Actions, Defendants Honda and Michelin have resisted making Rule 26(a)(1) initial disclosures revealing the actual location of their witnesses and relevant documents. Indeed, on November 30, 2007, in the District of Arizona, Defendant Michelin filed a motion to stay the *Palmer* Action pending this Panel's adjudication of its Petition. Although Michelin asserts in its Motion that its witnesses and relevant documents are located in the District of South Carolina, there is no proof in the record of these important facts. In anticipation of the hearing before this Panel in late January 2008, Plaintiffs will continue to press Defendants to provide required initial disclosures, and will ask the district courts presiding over the Actions to require Defendants' compliance with Fed. R. Civ. P. 26(a) because, based upon prior experience, Plaintiffs believe the record will show that Honda's witnesses and relevant documents are located in Southern California.

5

In addition, Chicago features an abundance of lodging and transportation options, including a well-developed public transportation system. *See Manual,* § 20.131 (Panel considers where the cost and inconvenience will be minimized in choosing the transferee forum). Because counsel for Plaintiffs and Defendants are geographically dispersed around the country, the Northern District of Illinois will be a more convenient and less expensive forum than the District of Maryland.

### C. The Northern District Of Illinois Has The Resources And Judicial Expertise To Properly And Efficiently Adjudicate The Actions.

The Northern District of Illinois also has the capacity and capability to manage multidistrict litigation and has an extremely qualified bench. In fact, the Panel has repeatedly recognized this capability to handle complex, multidistrict litigation, as it has transferred more than 1,700 cases to the Northern District of Illinois between 1968 and 2007. *See* United States Judicial Panel on Multidistrict Litigation, *Statistics* (last updated Sept. 30, 2007), http://www.jpml.uscourts.gov/Statistics/statistics.html.

The experience, skill and caseloads of available judges are important factors in selecting a transferee district. *See Manual*, § 20.131; *Rembrandt Techs.*, 493 F. Supp. 2d at 1370 (Panel assigned the litigation "to a seasoned jurist in a readily accessible district with the capacity to handle [the] litigation"). Judge Marovich in the Northern District of Illinois has extensive experience with consumer fraud and deceptive business practices cases, has managed multiple MDL cases in the past, and is otherwise extremely skilled and capable.[4] By contrast, Judge Titus in the District of Maryland, the other proposed

---

[4] Judge Marovich has overseen at least two MDL actions. *See In re Scouring Pads Antitrust Litig.*, 1995 WL 290242, MDL No. 985 (N.D. Ill. May 11, 1995); and *In re General Instrument Corp. Secs. Litig.*, 1999 WL 515485 (N.D. Ill. June 18, 1999). Moreover, he has presided over more than 30 class action suits, including numerous class actions involving allegations of consumer fraud. *See, e.g.*, *Garner v. Healy*, 184 F.R.D. 598 (N.D. Ill. 1999) (fraudulent advertising, marketing and sale of consumer product); *Balderos*

6

district, although likely experienced and skilled, has never managed an MDL case. In addition, Judge Marovich does not currently have an MDL case on his docket, so his resources will not be taxed or spread thin with this assignment. *In re Air Crash Near Castellon, Spain on October 10, 2001*, 296 F.Supp.2d 1372, 1373 (J.P.M.L. 2003) (Panel chose transferee forum because "judge to whom we are assigning this litigation has a relatively favorable caseload for accepting this assignment").

### D. The Actions Should Not Be Transferred To The District of Maryland.

Under these circumstances, the District of Maryland offers no advantage over the Northern District of Illinois. Contrary to Michelin's contentions, the District of Maryland is less convenient for all of the parties and, moreover, Defendant Michelin has no ties to Maryland and does not operate there. Rather, Michelin is headquartered in Greenville, South Carolina, which is over 500 miles from Greenbelt, Maryland, where Judge Titus sits.

The cases Michelin cites in support of centralization in the District of Maryland are inapposite or, if anything, support transfer of the Actions to the Northern District of Illinois. *See, e.g.,* Michelin's Mem. at 9 (citing *In re Air Crash Near Peixoto De Azeveda, Brazil on September 29, 2006, Litig.*, 493 F.Supp.2d 1374, 1376 (J.P.M.L. 2007) (transferring actions to district with most procedurally advanced actions)). If any of the Actions is more procedurally advanced than another, it is the *Williams* Action pending before Judge Marovich in the Northern District of Illinois. There, Plaintiffs have

---

*v. Illinois Vehicle Premium Finance Co.*, 1997 WL 627650 N.D. Ill. (Oct. 2, 1997) (improper vehicle financing practices).

already served written discovery and noticed depositions, and the parties have completed their Rule 26(f) discovery conference.[5]

By contrast, the *Robinson* Action filed in the District of Maryland never progressed to the discovery phase and is currently on appeal to the Fourth Circuit Court of Appeals from Judge Titus's June 12, 2007 ruling granting Defendants' motion to dismiss. Therefore, the District of Maryland has no active case pending, and there has been no showing that Judge Titus has any more familiarity with the issues presented in this litigation than the judges of any other district in which an Action is pending.

Moreover, transfer of a more "procedurally advanced" action is appropriate when the litigation is assigned "to a seasoned jurist in a readily accessible district with the capacity to handle [the] litigation." *Rembrandt Techs.*, 493 F. Supp. 2d at 1370 (Panel transferred more procedurally advanced action, since "nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand"). As described above, Judge Marovich is such a seasoned jurist with more than 30 years of experience, including experience presiding over multidistrict litigation, and he sits in a readily accessible district with the capacity and resources to manage this docket.

Finally, Michelin misleadingly asserts to this Panel that the District of Maryland has a less congested docket than any other forum where an Action is currently pending. Michelin's Mem. at 9. This conclusion is based only on a comparison of the number of cases pending in each jurisdiction. A more accurate comparison (looking at both the

---

[5] Michelin also cites *In re Brimonidine Patent Litig.*, 2007 WL 2410374 (J.P.M.L. Aug. 20, 2007), *and In re Katz Interactive Call Processing Patent Litig.*, 481 F. Supp. 2d 1353, 1356 (J.P.M.L. 2007), for the premise that a judge's prior experience with unique issues presented in the case is a relevant factor to consider. Here, however, no single judge has more experience with the litigation involving the PAX System than any other, rendering this factor inapplicable.

8

number of cases pending in each jurisdiction, and the number of judges and magistrates available to conduct those cases) reveals nearly identical caseloads in both the Northern District of Illinois and District of Maryland. *See* Administrative Office of the U.S. Courts, Federal Judicial Caseload Statistics, Table C-1 (2007); United States District Court for the District of Maryland, *Court Information* (visited Nov. 29, 2007) http://www.mdd.uscourts.gov/publications/DisplayJudgesBio.asp; and United States District Court for the Northern District of Illinois, *Judges* (visited Nov. 29, 2007) http://www.ilnd.uscourts.gov/JUDGE/judicial.cfm.  In fact, in 2006, the Northern District of Illinois had ***fewer*** cases per judgeship than the District of Maryland.  *See* Judicial Caseload Profile Report (visited Nov. 30, 2007) http://www.uscourts.gov/cgi-bin/cmsd2006.pl.  Thus, while the Northern District of Illinois has more cases on its docket than the District of Maryland, it also has more judges and magistrates to manage those actions, leaving the District of Maryland with no advantage over the Northern District of Illinois insofar as the Motion for Transfer and Consolidation is concerned.

## IV.    CONCLUSION

The Northern District of Illinois has the resources and judicial expertise to promptly and efficiently conduct this litigation, and Judge Marovich has the ability to conduct coordinated pretrial proceedings with speed and efficiency since he currently presides over no other MDL actions.  Additionally, because none of the districts in which any of the Actions are pending stands out as a geographic focal point, transfer to a centrally located forum serves the convenience of the parties and witnesses.  Accordingly, Plaintiffs respectfully request that this Panel order that the Actions pending outside the Northern District of Illinois (as well as any cases that may be subsequently

9

filed asserting related or similar claims) be transferred to the Northern District of Illinois and consolidated with the *Williams* Action for pretrial proceedings.

DATE: December 4, 2007

Respectfully submitted,

ANDRUS LIBERTY & ANDERSON LLP

By: _____
    Jennie Lee Anderson

Lori E. Andrus
Micha Star Liberty
Jennie Lee Anderson
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249
lori@libertylaw.com
micha@libertylaw.com
jennie@libertylaw.com

Mark F. Anderson
KEMNITZER, ANDERSON, OGILVIE &
BREWER LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Facsimile: (415) 861-3151
mark@kabolaw.com

James C. Shah
Natalie Finkelman Bennett
Nathan C. Zipperian
SHEPHERD, FINKELMAN, MILLER &
SHAH, LLC
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
jshah@sfmslaw.com
nfinkelman@sfmslaw.com
nzipperian@sfmslaw.com

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
jmiller@sfmslaw.com
pklingman@sfmslaw.com
kleser@sfmslaw.com

Kevin P. Roddy
Daniel R. Lapinski
WILENTZ, GOLDMAN & SPITZER P.A.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
Telephone: (732) 636-8000
Facsimile: (732) 855-6117
dlapinski@wilentz.com
kroddy@wilentz.com

Thomas D. Mauriello
THE LAW OFFICES OF THOMAS D. MAURIELLO, APC
22 Battery Street, Suite 1000
San Francisco, CA 94111
Telephone: (415) 677-1238
Facsimile: (415) 677-1233
tomm@maurlaw.com

*Attorneys for Plaintiffs and the Proposed Classes*