BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

| | |
|---|---|
| IN RE: MICHELIN NORTH AMERICA, INC. PAX SYSTEM LITIGATION ) ) ) ) ) ) | MDL DOCKET NO. ___ |

### MICHELIN NORTH AMERICA, INC.'S MOTION TO TRANSFER TO THE DISTRICT OF MARYLAND FOR CONSOLIDATED AND/OR COORDINATED PRETRIAL PROCEEDINGS

Pursuant to 28 U.S.C. § 1407, Michelin North America, Inc. ("Michelin") moves the Panel for transfer of four actions (the "Actions") pending in various courts in four different federal districts to a single United States District Judge in the District of Maryland for coordinated or consolidated pretrial proceedings. A list of the Actions is set forth in the attached Schedule of Actions (Exhibit A). Michelin is a defendant in each of the Actions.

Each of these Actions concerns the PAX® Tire and Wheel Assembly System ("PAX System"). The PAX System is a "run-flat" tire system manufactured by Michelin that allows vehicles to travel up to 125 miles on a flat tire. The PAX System is installed on certain Honda and Acura vehicles sold by American Honda Motor Company ("Honda"), which is also a defendant in each of the Actions. Plaintiffs in each Action allege that PAX System tires were

2719997.7

prone to premature wear, that inadequate facilities existed to service the PAX System, and that Michelin made fraudulent representations regarding the PAX System.

Michelin respectfully submits that the administration of justice and the convenience of the parties and witnesses would be served by transfer of the Actions to a single judge in the United States District Court for the District of Maryland, where the first PAX System complaint was filed.

In support of this Motion, Michelin states as follows:

1. The wave of putative statewide class action lawsuits against Michelin and Honda began with an action in Maryland state court, which was subsequently removed to the District of Maryland and is now on appeal to the United States Court of Appeals for the Fourth Circuit: <u>Robinson v. American Honda Motor Co., Inc. and Michelin North America, Inc.</u>, No. 06-3400 (D. Md.).

2. Following <u>Robinson</u>, eight other would-be statewide class action lawsuits were filed against Michelin and Honda, alleging nearly identical facts and pleading nearly identical legal theories. Four have been dismissed.[1] Four are currently pending in separate federal courts in the following jurisdictions: the District of Arizona, the Northern District of Illinois, the Southern District of New York, and the Southern District of Florida (<u>see</u> Exhibit A, Schedule of Actions).

---

[1] One action filed in the Central District of California was dismissed for failure to state a claim upon which relief could be granted and is currently on appeal to the United States Court of Appeals for the Ninth Circuit: <u>Carper et al. v. American Honda Motor Company, Inc. and Michelin North America, Inc.</u>, Appeal from the United District Court for the Central District of California, Hon. Margaret M. Morrow, 9th Cir. Case No. 07-56118. Three other actions were voluntarily dismissed against Michelin in the Central District of California, the Western District of Kentucky, and the District of New Jersey.

2719997.7

3. The Actions allege many common facts. Each Action makes the same or substantially similar complaints about the PAX System. Further, each Action concerns the sales and marketing of the PAX System and will require examination of representations purportedly made by defendants concerning the PAX System.

4. Each Action asserts the same legal theories. Each alleges violation of state consumer protection law, breach of implied warranty, and unjust enrichment. Three of the Actions also allege fraudulent concealment and/or nondisclosure. The Actions do not assert any other claims.

5. Michelin is a defendant in each of the Actions. Honda is also a defendant in all four Actions.

6. The Actions request certification of statewide classes in Arizona, Illinois, New York, and Florida, respectively. Although the residency of the proposed classes differs, each Action alleges the same facts in support of class certification. Indeed, all four complaints recite the same purportedly common questions of law or fact.

7. The first action related to the PAX System was filed in the District of Maryland, and Judge Titus in that district has considerable experience with the issues involved in the litigation. The District of Maryland has a less congested docket than any other forum where PAX System litigation has been filed and is more capable of handling multi-district litigation. In addition, of the fora where PAX System litigation has been filed, the District of Maryland is the closest to Michelin's headquarters in South Carolina, where relevant documents and witnesses are located. Therefore, the District of Maryland is the most appropriate forum for transfer.

8. Transfer for coordinated pretrial proceedings in the District of Maryland is appropriate and necessary because it will: (1) promote judicial economy, (2) eliminate the risk of

2719997.7

inconsistent or repetitive rulings on pretrial issues, such as those regarding motions to dismiss, summary judgment, and/or class certification, (3) prevent duplicative discovery, and (4) best serve the overall convenience of the parties, their counsel, the witnesses, and the judiciary. See, e.g., In re Air Crash Near Castellon, Spain on October 10, 2001, 296 F.Supp.2d 1372, 1373 (J.P.M.L. 2003); In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig., 229 F.Supp.2d 1377, 1378 (J.P.M.L. 2002).

9. Michelin incorporates by reference the Brief filed contemporaneously with this Motion.

WHEREFORE, Michelin North America, Inc., respectfully requests that the Panel order the transfer of the actions listed in the attached Schedule of Actions to a single judge sitting in the United States District Court for the District of Maryland for consolidated or coordinated pretrial proceedings.

Respectfully submitted,

MICHELIN NORTH AMERICA, INC.

Nov. 13, 2007

By: _____
Peter W. Herzog III
Richard P. Cassetta
BRYAN CAVE LLP
211 N. Broadway, Suite 3300
One Metropolitan Square
St. Louis, MO 63102
(314) 259-2000 phone
(314) 259-2020 fax

2719997.7

**EXHIBIT A**

EXHIBIT A

| Before the Judicial Panel on Multidistrict Ligitation<br>MDL- _____ In Re Michelin North America, Inc.<br>Pax System Litigation ||||
|---|---|---|---|
| SCHEDULE OF ACTIONS ||||
| **CASE CAPTIONS** | **COURT** | **CIVIL ACTION NO.** | **JUDGE** |
| **Plaintiffs:**<br><br>Nicholas Longo and Jibin Thomas<br><br>**Movant:** Michelin North America, Inc.<br><br>**Defendants:**<br><br>American Honda Motor Co., Inc. and Michelin North American, Inc. | S.D. New York | 07-civ-9339 | Charles L. Brieant |
| **Plaintiffs:** Larry Palmer, Hal Wochholz and Frank Matthews<br><br>**Movant:** Michelin North America, Inc.<br><br>**Defendants:**<br><br>American Honda Motor Co., Inc. and Michelin North American, Inc. | D. Arizona | 2:07-cv-01904 | David G. Campbell |
| **Plaintiffs:** Charles L. Williams<br><br>**Movant:** Michelin North America, Inc.<br><br>**Defendants:**<br><br>American Honda Motor Co., Inc. and Michelin North American, Inc. | N.D. Illinois | 07CV5933 | George Marovich |

| **Plaintiffs:** Michelle Smith<br><br>**Movant:** Michelin North America, Inc.<br><br>**Defendants:**<br><br>American Honda Motor Co., Inc. and Michelin North American, Inc. | S.D. Florida | 07-61524 | William Zloch |
|---|---|---|---|