UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NICHOLAS LONGO and JIBIN THOMAS,  :
individually and on behalf of all others similarly :
situated,                                          :
                Plaintiffs,                :
                                       :  No. 07 Civ. 9339 (CLB) (GAY)
                                       :  (ECF Case)
      v.                                           :
                                       :
AMERICAN HONDA MOTOR CO., INC., and :
MICHELIN NORTH AMERICA, INC.,     :
                Defendants.                :
------------------------------------------------------------x


**DEFENDANT MICHELIN NORTH AMERICA, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING A DECISION BY
THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

                                                              BRYAN CAVE LLP
                                                              Eva L. Jerome (EJ 9911)
                                                              1290 Avenue of the Americas
                                                               New York, New York 10104
                                                               Telephone: 212-541-2000
                                                               Facsimile: 212-541-1436
                                                               eljerome@bryancave.com
                                                               *Attorneys for Defendant Michelin*
                                                                     *North America, Inc.*

<u>OF COUNSEL</u>

BRYAN CAVE LLP
Peter W. Herzog
Richard P. Cassetta
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

# TABLE OF AUTHORITIES

## FEDERAL CASES

Azar v. Merck & Co., Inc.,
    No. 3:06-cv-0579 AS, 2006 WL 3086943 (N.D. Ind. 2006)..........................................3

Conner v. AT&T,
    No. CV F 06-0632 AWI DLB, 2006 WL 1817094 (E.D. Cal. June 30, 2006) .........2, 3

Gonzales v. General Motors Corp.,
    No. C07-2580 THE, 2007 WL 2406871 (N.D. Cal. Aug. 20, 2007).............................4

Gorea v. Gillette Co.,
    No. 05 Civ. 2425, 2005 WL 2373440 (W.D. Tenn. Sept. 26, 2005)........................3, 4

Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421 (D.N.J. 2003)................................4

Landis v. North Am. Co., 299 U.S. 248 (1936)..................................................................2

Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857 (9th Cir. 1979) ............................3

Rivers v. The Walt Disney Co., 980 F. Supp. 1358 (C.D. Cal. 1997)........................2, 3, 5

Kavalir v. Medtronic, 2007 WL 1225358 (N.D. Ill. April 19, 2007) .............................2, 3

Kennedy v. Novartis Pharmaceuticals Corp.,
    No. CIV.A. 02-2331, 2002 WL 31051601 (E.D. La. 2002).........................................5

McCrary v. Bayer Corp.,
    No. CIV.A. 02-642, 2002 WL 1467691 (E.D. La. 2002).............................................5

Tench v. Jackson Nat'l Life Ins. Co.,
    1999 WL 1044923 (N.D. Ill. November 12, 1999) .....................................................3

U.S. Bank, Nat'l Assoc. v. Royal Indem. Co.,
    No. 02 Civ. 853, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002)...............................5

Walker v. Merck & Co.,
    No. 05-CV-360-DRH, 2005 WL 1565839 (S.D. Ill. June 22, 2005)............................5

## DOCKETED CASES

<u>Larry Palmer, et al. v. American Honda Motor Co., Inc. &
Michelin North Am., Inc.</u>, No. 2:07-cv-01904 (D. Ariz.)..............................................2

<u>Michelle Smith v. American Honda Motor Co., Inc. &
Michelin North Am., Inc.</u>, No. 07-61524 (S.D. Fla.).......................................................2

<u>Nicholas Longo, et al. v. American Honda Motor Co., Inc. &
Michelin North Am., Inc.</u>, No. 07-civ-9339 (S.D.N.Y.)..................................................2

## FEDERAL STATUTES

28 U.S.C. § 1407 (2006) ........................................................................................................6

28 U.S.C. 1407(a) (2006).......................................................................................................3

### Introduction

On November 13, 2007, Defendant Michelin North America, Inc. ("Michelin") moved the Judicial Panel on Multidistrict Litigation to transfer this and three other actions to a single judge in the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings.[1] Plaintiffs in this case and Plaintiffs in the three other cases filed their response to Michelin's motion transfer yesterday and agreed with Michelin that the cases should be transferred for coordinated or consolidated pre-trial proceedings.[2] None of the parties have requested that the Judicial Panel on Multidistrict Litigation transfer the cases to the United States District Court for the Southern District of New York.

For the following reasons, Michelin now moves this Court to stay proceedings pending a decision on Michelin's motion by the Judicial Panel on Multidistrict Litigation.

### Argument

The Court has the inherent power to control its own docket, including the power to stay proceedings. Landis v. North Am. Co., 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). See also Kavalir v. Medtronic, 2007 WL 1225358, *3 (N.D. Ill. April 19, 2007) ("A District Court has the inherent power to grant a defendant's motion to stay all proceedings pending the

---

[1] Michelin's § 1407 pleadings requesting transfer and consolidation are attached hereto as Ex. A. The three other actions are (1) Larry Palmer, et al. v. American Honda Motor Co., Inc. & Michelin North Am., Inc., No. 2:07-cv-01904 (D. Ariz.), (2) Nicholas Longo, et al. v. American Honda Motor Co., Inc. & Michelin North Am., Inc., No. 07-civ-9339 (S.D.N.Y.), and (3) Michelle Smith v. American Honda Motor Co., Inc. & Michelin North Am., Inc., No. 07-61524 (S.D. Fla.).

[2] Plaintiffs filed a copy of their response in this case this past Wednesday. See Doc # 10. Plaintiffs have requested that the cases be transferred to the United States District Court for the Northern District of Illinois.

matter's likely transfer to the MDL."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979). Courts analyze three factors in determining whether to stay proceedings pending the MDL Panel's decision on transfer: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. Rivers v. The Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "One other consideration in determining whether the court should stay a matter pending the Panel's decision on transfer is whether deferring to the Panel would advance the interests for which the statutes authorizing multidistrict litigation were intended." Conner v. AT&T, No. CV F 06-0632 AWI DLB, 2006 WL 1817094, *3 (E.D. Cal. June 30, 2006).

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. See 28 U.S.C. 1407(a). It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." Rivers, 980 F. Supp. at 1360. "Under these circumstances, i.e. pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources." Tench v. Jackson Nat. Life Ins. Co., 1999 WL 1044923, *1 (N.D. Ill. November 12, 1999). See also Kavalir, 2007 WL 1225358 at *4 (staying tag-along action pending Panel decision because "the interests of judicial economy will be best served by staying the proceedings until its likely transfer to the MDL"); Azar v. Merck & Co., Inc., No. 3:06-cv-0579

2

AS, 2006 WL 3086943, *1 (N.D. Ind. 2006) (staying tag-along action pending Panel decision because, that way, "the resources of this Court will not be well spent familiarizing itself with a case that it will likely lose jurisdiction over in the near future. In addition, allowing pretrial proceedings to continue poses a significant risk of duplicative motions and discovery that could result in needless expense and inequity to Merck."); Gorea v. Gillette Co., No. 05 Civ. 2425, 2005 WL 2373440, *1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case…the court would have to use judicial resources in making rulings…in a case over which it might ultimately lose jurisdiction."). Since the parties agree that these cases should be transferred for coordinated or consolidated pre-trial proceedings, and none of the parties have recommended that the cases be transferred to the United States District Court for the Southern District of New York, it would not be an efficient use of resources to allow discovery to proceed in this case.

Without a stay, Michelin will almost certainly suffer hardship by having to defend in multiple fora while the decision by the Panel is pending. See Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, 427 (D.N.J. 2003) ("The Court recognizes the heavy financial burden on TGC borne by having to defend its Network in multiple fora. That burden is a clear hardship weighing in favor of staying this action until the MDL Panel renders its decision."). Conversely, the potential prejudice to plaintiffs if this action is stayed is non-existent. Plaintiffs have expended limited resources to date; this action is still in its infancy, and discovery has not yet begun. Michelin has filed a motion to dismiss, but Plaintiffs have not yet filed an opposition to the motion. The interests of judicial economy suggest that Michelin's motion to dismiss is better left to the transferee court if the Panel determines that this case should be subject to MDL treatment. See, e.g., Gonzales v. General Motors Corp., No. C07-2580 THE, 2007 WL 2406871, *1 (N.D. Cal. Aug. 20, 2007) (granting stay and vacating motion to dismiss without prejudice to

defendants' re-raising their arguments for dismissal before the MDL court because "judicial economy factor outweighs any prejudice Plaintiffs claim from a stay."); Kennedy v. Novartis Pharmaceuticals Corp., No. CIV.A. 02-2331 2002 WL 31051601, *1 (E.D. La. 2002) (granting stay although motion to dismiss and motion for more definite statement were pending); see also Gator Corp., 250 F. Supp. 2d at 428 ("To decide Hertz's motion [for preliminary injunction] before the MDL Panel decision, the Court would have to invest the time and resources in understanding the technology at issue and develop a better understanding of the facts than the parties have presented thus far. Given the short time until the MDL Panel will consider the motion, this Court's immediate and substantial investment of time is a waste of judicial resources.").

A short delay in this case, which is in its very early stages, will have no appreciable effect on the pace of discovery. The benefits of judicial economy outweigh any conceivable prejudice to plaintiff. See, e.g., McCrary v. Bayer Corp., No. CIV.A. 02-642, 2002 WL 1467691, *1 (E.D. La. 2002) ("plaintiff will not be prejudiced by this temporary stay as any prejudice resulting from this short delay is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings"); Walker v. Merck & Co., No. 05-CV-360-DRH, 2005 WL 1565839, *2 (S.D. Ill. June 22, 2005) ("While Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests."). Granting a stay of this action pending the Panel's decision also will conserve the resources of this Court and prevent duplicative discovery and pretrial management efforts. See Rivers, 980 F. Supp. at 1360 ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation"); see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co., No. 02 Civ. 853, 2002 WL 31114069, *2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted").

The controlling factors favor a stay, and a stay would advance the interests underlying the statutes authorizing multidistrict litigation. Accordingly, the Court should grant Michelin's motion and stay proceedings in this case.

## Conclusion

For these reasons, Defendant Michelin respectfully requests that the Court grant its motion to stay all proceedings in this case pending a decision by the Judicial Panel on Multidistrict Litigation on Michelin's motion for transfer and consolidation pursuant to 28 U.S.C. § 1407.

DATED: New York, New York
December 7, 2007

BRYAN CAVE LLP

By     /s/ Eva L. Jerome
Eva L. Jerome (EJ 9911)
1290 Avenue of the Americas
New York, New York  10104
Telephone:  212-541-2000
Facsimile:  212-541-1436
eljerome@bryancave.com

*Attorneys for Defendant*
  *Michelin North America, Inc.*

OF COUNSEL

BRYAN CAVE LLP
Peter W. Herzog
Richard P. Cassetta
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

C045351/0214771/1459145.3