UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS LONGO and JIBIN THOMAS, :
individually and on behalf of all others similarly,    :
situated    :
              PLAINTIFFS, :

                          :      NO. 07 CIV. 9339 (CLB) (GAY)
                          :      (ECF CASE)

     v.    :

AMERICAN HONDA MOTOR CO., INC. and    :
MICHELIN NORTH AMERICA, INC.,    :
                          :
              DEFENDANTS.    :
-------------------------------------------------------------x


## DEFENDANT MICHELIN NORTH AMERICA, INC.'S
## MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS


                                BRYAN CAVE LLP
                                Eva L. Jerome (EJ 9911)
                                1290 Avenue of the Americas
                                New York, New York 10104
                                Telephone:  212-541-2000
                                 Facsimile:  212-541-1436
                                eljerome@bryancave.com
                                *Attorneys for Defendant Michelin*
                                  *North America, Inc.*

OF COUNSEL

BRYAN CAVE LLP
Peter W. Herzog
Richard P. Cassetta
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii

Introduction ......................................................................................................... 1

Background .......................................................................................................... 2

Standard of Review ............................................................................................. 3

Argument ............................................................................................................. 4

I.     The Complaint Fails to State a Claim Under the DTPA. .......................... 4

       A.    Plaintiffs Have Failed to Allege the Necessary "Causal
             Connection" to State a Claim Under the DTPA. .................................. 5

       B.    Plaintiffs Have Failed to Allege an Actionable Omission. ................. 6

II.    The Complaint Fails to State a Claim for Breach of Implied Warranty. ........... 7

       A.    The Complaint Fails to Allege Privity. ............................................... 7

       B.    The Complaint Fails to Allege That the PAX Systems Tires Are
             Not Fit For the Ordinary Purpose of Transportation. ....................... 8

       C.    The Complaint Fails to Allege the Creation of Any Warranty for a
             Particular Purpose. ........................................................................... 10

III.   The Complaint Fails to State a Claim for Fraudulent Concealment Because
       It Does Not Plead (a) Facts Creating a Duty to Disclose, (b) Scienter, or
       (c) Justifiable Reliance. ...................................................................... 12

       A.    Plaintiffs Do Not Allege Facts Giving Rise to a Duty to Disclose. ....... 12

       B.    Plaintiffs Do Not Allege Scienter. ..................................................... 13

       C.    Plaintiffs Do Not Allege Justifiable Reliance. .................................. 14

IV.    Plaintiffs Have Failed to State a Claim for Unjust Enrichment. ................ 15

Conclusion ......................................................................................................... 17

C045351/0214771/1458863.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

PAGE(S)

Abraham v. Volkswagen of Am., Inc.,
795 F.2d 238 (2d Cir. 1986)..............................................................................11, 12

Banque Arabe Et Int'l D'Investissement v. Maryland Nat'l Bank,
850 F. Supp. 1199 (S.D.N.Y. 1994)..........................................................................6

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007).......................................................3, 6

Brass v. American Film Techs., Inc., 987 F.2d 142 (2d Cir. 1993)............................12, 13

Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004)...........................15

Carlson v. General Motors Corp.,
883 F.2d 287 (4th Cir. 1989), cert. denied, 495 U.S. 904 (1990)..................................8

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ......................................................................3

Feinstein v. Firestone Tire & Rubber Co.,
535 F. Supp. 595 (S.D.N.Y. 1982) ..............................................................................9

Golden Pac. Bancorp v. FDIC, 375 F.3d 196 (2d Cir. 2004) ............................................15

Hauck v. Michelin North Am., Inc.,
343 F. Supp. 2d 976 (D. Colo. 2004)..........................................................................11

Henry v. Rehabilitation Plus Inc., 404 F. Supp. 2d 435 (E.D.N.Y. 2005).......................6, 7

In re Air Bag Prods. Liab. Litig.,
7 F. Supp. 2d 792 (E.D. La. 1998)................................................................................8

In re Bausch & Lomb, Inc.,
MDL No. 1785, C/A No. 2:06-MN-77777-DCN,
2007 WL. 3046682 (D.S.C. 2007)................................................................................4

In re General Motors Corp. Anti-Lock Brake Prod. Liab. Litig.,
966 F. Supp. 1525 (E.D. Mo. 1997),
aff'd, 172 F.3d 623 (8th Cir. 1999) ..............................................................................9

In re Tamoxifen Citrate Ant. Litig., 466 F.3d 187 (2d Cir. 2006).......................................3

International Equity Invs., Inc. v. Opportunity Equity,
472 F. Supp. 2d 544 (S.D.N.Y. 2007)...................................................................15, 16

ii

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ...............................................................3, 4, 6

Mason v. American Tobacco Co., 346 F.3d 36 (2d Cir. 2003) ...........................................4

Maurizio v. Goldsmith, 230 F.3d 518 (2d Cir. 2000) .........................................................4

Nomo Agroindustrial Sa De CV v. Enza Zaden North Am., Inc.,
    492 F. Supp. 2d 1175 (D. Ariz. 2007) .........................................................................12

Saidin v. New York City Dep't of Educ.,
    498 F. Supp. 2d 683 (S.D.N.Y. 2007).............................................................................4

Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002) ..........................................................3

## STATE CASES

Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.,
    17 A.D.3d 825, 793 N.Y.S.2d 576 (3d Dep't 2005) ......................................................7

Catalano v. Heraeus Kulzer, Inc.,
    305 A.D.2d 356, 759 N.Y.S.2d 159 (2d Dep't 2003) ....................................................7

Denny v. Ford Motor Co., 87 N.Y.2d 248, 662 N.E.2d 730 (N.Y. 1995) ..........................8

Factory Assocs. & Exporters, Inc. v. Lehigh Safety Shoe Co. LLC,
    Slip Copy, 2007 WL. 1834599 (N.D.N.Y. June 26, 2007)............................................9

Gale v. Int'l Bus. Machs. Corp.,
    9 A.D.3d 446, 781 N.Y.S.2d 45 (2d Dep't 2004) .......................................................5, 6

Hole v. General Motors Corp.,
    83 A.D.2d 715, 442 N.Y.S.2d 638 (3d Dep't 1981) ......................................................7

In re WorldCom, Inc., 374 B.R. 94 (Bankr. S.D.N.Y. 2007) ......................................12, 13

Mayatextil, S.A. v. Liztex U.S.A., Inc.,
    No. 92 1993 WL. 180371 (S.D.N.Y. May 19, 1993)...................................................14

McCormack v. Lynn Imports, Inc.,
    114 Misc. 2d 905, 452 N.Y.S.2d 821 (Dist.Ct. 1982) ..................................................8

McGown v. Bridgestone/Firestone, Inc.,
    2005 WL. 2662572 (E.D. Tex., Oct. 18, 2005) ......................................................8, 11

Mirkin v. Wasserman, 5 Cal. 4th 1082, 1093 (1993) ...................................................6, 14

Mitschele v. Schultz,
    36 A.D.3d 249, 826 N.Y.S.2d 14 (1st Dep't 2006) ...............................................12, 14

iii

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank,
    85 N.Y.2d 20, 647 N.E.2d 741 (1995).....................................................................4, 6, 7

Piccolo v. New York City Campaign Fin. Bd.,
    No. 05 CV 7040(GBD)(MHD), 2007 WL 2844939
    (S.D.N.Y. Sept. 28, 2007).........................................................................................3

P.T. Bank Cent. Asia v. ABN AMRO Bank N.V.,
    301 A.D.2d 373, 754 N.Y.S.2d 245 (1st Dep't 2003) ..........................................12, 14

Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.,
    230 A.D.2d 326, 656 N.Y.S.2d 787 (3d Dep't 1997).......................................8, 10, 11

Shea v. Hambros PLC, 244 A.D.2d 39, 673 N.Y.S.2d 369 (1st Dep't 1998)....................14

Smith v. Chase Manhattan Bank, USA, N.A.,
    293 A.D.2d 598, 741 N.Y.S.2d 100 (2d Dep't 2002)...................................................15

Solomon v. Bell Atl. Corp.,
    9 A.D.3d 49, 777 N.Y.S.2d 50 (1st Dep't 2004) ......................................................5, 6

Zanett Lombardier, Ltd. v. Maslow,
    29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006) .............................................13, 14

## FEDERAL STATUTES

28 U.S.C. § 1407 (2006) ................................................................................................1

Fed. R. Civ. P. 12(b)(6)...........................................................................................2, 16

## STATE STATUTES

N.Y. U.C.C. Law § 2-315 (McKinney 2002) ...................................................................10

C045351/0214771/1459205.2

## Introduction

This is the sixth in a series of putative class action lawsuits that have been filed against Michelin North America, Inc. and American Honda Motor Co., Inc. related to the Michelin PAX Tire System, a "run-flat" tire system fitted on certain Honda Odyssey Minivans and Acura RL vehicles that allows the driver to drive up to 125 miles after having a flat tire. Four of the previous lawsuits (which contained very similar factual allegations and legal claims) have been dismissed.[1] For many of the same reasons, this case also fails to state a claim for relief, and it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Count I, which Plaintiffs purport to bring under the New York Deceptive Trade Practices Act ("DTPA"), should be dismissed because Plaintiffs do not allege the

---

[1]   Robinson v. American Honda Motor Co., Inc., et al., was dismissed by the United States District Court for the District of Maryland on June 11, 2006, and is now pending in the Fourth Circuit Court of Appeals. Carper v. American Honda Motor Co., Inc., et al., was dismissed by the United States District Court for the Central District of California on July 13, 2007, and is now pending in the Ninth Circuit. Olson v. American Honda Motor Co., Inc., et al., CV 07-1481-MMM (C.D. Cal.), was voluntarily dismissed by the Plaintiff on August 1, 2007; Shadoan v. American Honda Motor Co., Inc., et al., 5:07-CV-95-R (W.D. Ky.) was voluntarily dismissed by Plaintiffs on September 19, 2007. Around the time of the filing of this lawsuit, five additional lawsuits containing very similar factual allegations and legal theories have been filed against Michelin and Honda in other federal district courts, one of which has been voluntarily dismissed. On November 13, 2007, Michelin moved to consolidate and transfer these actions in the United States District Court for the District of Maryland pursuant 28 U.S.C. § 1407. Michelin's Petition has been assigned MDL Docket Number 1911. Contemporaneously with filing of this motion to dismiss, Michelin is filing a motion to stay this case pending a ruling by the Judicial Panel on Multidistrict Litigation on Michelin's § 1407 motion.

1

necessary causal connection between Michelin's conduct and Plaintiffs' alleged harm. Nor does Count I adequately allege an actionable omission. Count II, which alleges breach of implied warranties, should be dismissed because there is no privity of contract between Plaintiffs and Michelin and because Plaintiffs have failed to allege facts to support a claim that the PAX System tires are not fit for the ordinary purpose of transportation. Count III alleges fraudulent concealment and should be dismissed because Plaintiffs have failed to plead facts that would give rise to a duty to disclose, scienter, or justifiable reliance. Finally, Count IV, which purports to assert a claim for unjust enrichment, is insufficient as a matter of law for multiple reasons, including that Michelin received no monies directly from Plaintiffs and therefore were not enriched by them. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## Background

Plaintiffs Nicholas Longo and Jibin Thomas, the Named Plaintiffs in this lawsuit, allege that each purchased a Honda Odyssey Touring Model equipped with the PAX System from a Honda dealership in 2005. (Comp., ¶¶ 44, 51.) The Complaint does not allege, however, that Plaintiffs received or reviewed any information about the PAX System prior to making their purchases. (See id.) Likewise, the Complaint does not allege that either Plaintiff had any communications with Michelin prior to making his purchase. (See id.) Neither Plaintiff has experienced any difficulty while driving with the PAX System tires. Plaintiff Longo replaced his tires after 25,000 miles. (Id. at ¶ 46.) Plaintiff Thomas replaced his tires after driving on them for more than 27,000 miles. (Id.

2

at ¶ 52.)  Plaintiffs allege that Defendants misrepresented and/or failed to disclose that
(i) PAX System tires are prone to premature wear; (ii) inadequate repair facilities exist to
service PAX System tires; and (iii) maintenance and repair costs of PAX Systems tires
are higher than reasonably expected.  (Id. at ¶ 12.)

**Standard of Review**

Plaintiffs' Complaint should be dismissed for failure to state a claim.  Fed. R. Civ.
P. 12(b)(6).  A complaint may be dismissed for failure to state a claim upon which relief
may be granted when "it is clear that no relief could be granted under any set of facts that
could be proved consistent with the allegations."  Swierkiewicz v. Sorema N. A., 534
U.S. 506, 514 (2002) (internal quotations and citations omitted); see also In re Tamoxifen
Citrate Ant. Litig., 466 F.3d 187, 200 (2d Cir. 2006) (same).  "[A] plaintiff's obligation to
provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do."
Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); see also Iqbal v. Hasty, 490 F.3d
143, 157-58 (2d Cir. 2007) ("we believe the Court is not requiring a universal standard of
heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which
obliges a pleader to amplify a claim with some factual allegations in those contexts where
such amplification is needed to render the claim plausible.")[2]

---

[2]   "Iqbal recognized the abrogation of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), by Bell
Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007), insofar as Conley mandated that a

3

In reviewing a motion to dismiss, "[l]egal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." Mason v. American Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003) (citation omitted); see also Saidin v. New York City Dep't of Educ., 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007). As noted by courts applying Twombly, a plaintiff's claims "cannot depend on the existence of undisclosed facts," but instead must satisfy a plausibility standard that requires the plaintiff to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." In re Bausch & Lomb, Inc., MDL No. 1785, C/A No. 2:06-MN-77777-DCN, 2007 WL 3046682, *5 (D.S.C. 2007); see also Iqbal, 490 F.3d at 157-58.

### Argument

I.    **The Complaint Fails to State a Claim Under the DTPA.**

"To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000). New York's highest court has

---

claim survive a 12(b)(6) motion 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Iqbal, 490 F.3d at 155 (quoting Bell Atl., 127 S.Ct. at 1968). Iqbal applied a 'plausibility standard' to determine the adequacy of plaintiff's pleading: Where the claim is at least 'plausible,' the pleading need not include 'additional subsidiary facts' to support that claim. Id. at 155-58, 166." Piccolo v. New York City Campaign Fin. Bd., No. 05 CV 7040(GBD)(MHD), 2007 WL 2844939, *8 (S.D.N.Y. Sept. 28, 2007).

adopted "an objective definition of deceptive acts and practices, whether representations

or omissions, limited to those likely to mislead a reasonable consumer acting reasonably

under the circumstances." Oswego Laborers' Local 214 Pension Fund v. Marine

Midland Bank, 85 N.Y.2d 20, 26, 647 N.E.2d 741 (1995).

### A.    Plaintiffs Have Failed to Allege the Necessary "Causal Connection" to State a Claim Under the DTPA.

New York courts have emphasized that there must be a causal connection between

the alleged conduct and the alleged harm. E.g., Solomon v. Bell Atl. Corp., 9 A.D.3d 49,

52, 777 N.Y.S.2d 50, 55 (1st Dep't 2004). In other words, to state a claim, a plaintiff

must have seen the alleged misrepresentation or allege that he would have been aware of

the sought-after information, had had it been disclosed. Gale v. International Bus. Machs.

Corp., 9 A.D.3d 446, 447, 781 N.Y.S.2d 45, 47 (2d Dep't 2004).

> Here, the plaintiff failed to plead causation with sufficient
> specificity to withstand dismissal. Although the plaintiff cites
> particular misleading statements by IBM regarding the reliability
> of the IBM Deskstar 75GXP, he nowhere states in his complaint
> that he saw any of these statements before he purchased or came
> into possession of his hard drive. If the plaintiff did not see any of
> these statements, they could not have been the cause of his injury,
> there being no connection between the deceptive act and the
> plaintiff's injury.

Id. at 447 (citations omitted).

Here, Plaintiffs have failed to allege a causal connection between Michelin's

allegedly unlawful conduct and Plaintiffs' alleged harm. Although the Complaint

identifies representations purportedly made by Michelin, it does not allege that Plaintiffs

read or were even aware of those representations. (See id. at ¶¶ 19, 22, 28.) Courts have

properly rejected similarly deficient pleadings. Gale, 9 A.D.3d at 447.

5

Similarly, any alleged omission by Michelin could not be the cause of Plaintiffs'
alleged injury. Plaintiffs allege that "had Defendants disclosed the true nature, quality
and drawbacks of the Vehicles equipped with the PAX System as alleged herein, they
would not have purchased, or would have paid significantly less for, their Vehicles."
(Comp. at ¶ 83.) However, given that Plaintiffs did not communicate with Michelin prior
to making their purchases and do not allege that they were aware of <u>any</u> Michelin
representation, it is completely implausible that the <u>only</u> Michelin disclosure that
Plaintiffs would have seen is the one that they allege was not made. <u>See Solomon</u>, 9
A.D.3d at 52 (recognizing that plaintiffs' individual awareness of alleged representations
is central to the requirement of a "causal connection"); <u>cf. Banque Arabe Et Int'l</u>
<u>D'Investissement v. Maryland Nat. Bank</u>, 850 F. Supp. 1199, 1222 (S.D.N.Y. 1994) ("'it
is not logically impossible to prove reliance on an omission. One need only prove that,
had the omitted information been disclosed one would have been aware of it and behaved
differently'") (quoting <u>Mirkin v. Wasserman</u>, 5 Cal. 4th 1082, 1093 (1993).). Plaintiffs
have failed to allege the requisite causal connection between an alleged omission and any
injury. <u>See Gale</u>, 9 A.D.3d at 447; <u>Solomon</u>, 9 A.D.3d at 52; <u>see also Twombly</u>, 127
S.Ct. at 1964-65; <u>Iqbal</u>, 490 F.3d at 157-58.

### B.    Plaintiffs Have Failed to Allege an Actionable Omission.

Plaintiffs' omission claim suffers from additional fatal infirmities—an omission
may be actionable under the DTPA only where it renders other statements by the
defendant misleading or where the defendant took affirmative steps to prevent disclosure.
<u>Henry v. Rehabilitation Plus Inc.</u>, 404 F. Supp. 2d 435 (E.D.N.Y. 2005); <u>Oswego</u>, 85

6

N.Y.2d at 26. Here, any purported omissions could not render Michelin's other statements misleading, because Plaintiffs do not allege that they read or were even aware of those statements at the time of their purchases. (See Comp.) In addition, the Complaint nowhere alleges that Michelin took any active steps to prevent disclosure of material information to consumers. (See id.) Therefore, Plaintiffs have failed to allege an actionable omission under the DTPA. See Henry, 404 F. Supp. 2d at 444-45; Oswego, 85 N.Y.2d at 26. Accordingly, Count I of Plaintiffs' Complaint should be dismissed.

II.    **The Complaint Fails to State a Claim for Breach of Implied Warranty.**

   A.    **The Complaint Fails to Allege Privity.**

Count II should be dismissed because Plaintiffs have failed to allege privity with Michelin. "A claim based upon a breach of an implied warranty requires a showing of privity between the manufacturer and the plaintiff when there is no claim for personal injuries." Adirondack Combustion Techs., Inc. v. Unicontrol, Inc., 17 A.D.3d 825, 829, 793 N.Y.S.2d 576, 579 (3d Dep't 2005) (dismissing claim); Catalano v. Heraeus Kulzer, Inc., 305 A.D.2d 356, 759 N.Y.S.2d 159 (2d Dep't 2003). A manufacturer's written warranty does not establish privity between the manufacturer and a retail purchaser. Hole v. General Motors Corp., 83 A.D.2d 715, 442 N.Y.S.2d 638 (3d Dep't 1981) (dismissing implied warranty claim for lack of privity despite manufacturer's written warranty).

Plaintiffs purchased their PAX tires from Honda dealerships, not from Michelin. (Comp. at ¶¶ 44, 51.) They rely entirely upon Michelin's limited express warranty to establish privity. (See id. at ¶ 87.) Because a manufacturer's express warranty is insufficient as a matter of law to establish privity, Plaintiffs' claim for breach of implied

7

warranty should be dismissed. See Adirondack Combustion Techs., Inc., 17 A.D.3d at

829; Hole, 83 A.D.2d at 716.

**B.     The Complaint Fails to Allege That the PAX Systems Tires Are Not Fit For the Ordinary Purpose of Transportation.**

"[A] claim under UCC 2-314 cannot arise unless the goods sold are not of

merchantable quality. For goods to be of merchantable quality they need to be

reasonably fit for their intended purpose; they need not, however, be perfect." Saratoga

Spa & Bath, Inc. v. Beeche Sys. Corp., 230 A.D.2d 326, 330, 656 N.Y.S.2d 787, 790 (3d

Dep't 1997). Further, "[a] warranty of fitness for ordinary purposes 'does not mean that

the product will fulfill [a] buyer's every expectation.' Rather, it has been observed, such a

warranty 'provides for a minimal level of quality.'" Denny v. Ford Motor Co., 87

N.Y.2d 248, 259, n.4, 662 N.E.2d 730, 736, n.4 (N.Y. 1995) (citations omitted, brackets

in original).

As with the vehicles on which they are installed, the ordinary purpose of tires is to

provide transportation. McGown v. Bridgestone/Firestone, Inc., 2005 WL 2662572, *4

(E.D. Tex., Oct. 18, 2005) (recognizing "driving on [tires], as people customarily do" as

the ordinary purpose of tires); cf. McCormack v. Lynn Imports, Inc., 114 Misc. 2d 905,

910-911, 452 N.Y.S.2d 821,824 (Dist. Ct. 1982) ("the ordinary purpose for which a used

car is to be used should be such as to enable the purchaser to transport herself upon the

streets and highways of this state or any other in a reasonably safe manner."); Carlson v.

General Motors Corp., 883 F.2d 287, 297 (4th Cir. 1989), cert. denied, 495 U.S. 904

(1990) ("[W]here a car can provide safe, reliable transportation[,] it is generally

8

considered merchantable.") (citations omitted); In re Air Bag Prods. Liab. Litig., 7 F.

Supp. 2d 792 (E.D. La. 1998) ("[t]he ordinary purpose of an automobile is to provide

transportation."); In re General Motors Corp. Anti-Lock Brake Prod. Liab. Litig., 966 F.

Supp. 1525, 1533 (E.D. Mo. 1997), aff'd, 172 F.3d 623 (8th Cir. 1999) ("The implied

warranty of merchantability can only be breached when the "vehicle manifests a defect

that is so basic it renders the vehicle unfit for its ordinary purpose of providing

transportation.") (citation omitted).

     Moreover, the ordinary purpose of tires does not contemplate endless use, but

rather a finite functional life. See Feinstein v. Firestone Tire and Rubber Co., 535 F.

Supp. 595, 602 (S.D.N.Y. 1982) (rejecting implied warranty of merchantability claim

where the majority of the defendants' "tires led full and uneventful lives"). "[G]oods that

are 'doing what they were supposed to do for as long as they were supposed to do it

clearly [live] up to that 'minimum level of quality' which is all U.C.C. 2-314(2)(c)

requires." Factory Assocs. & Exporters, Inc. v. Lehigh Safety Shoe Co. LLC, Slip Copy,

2007 WL 1834599, *9 (N.D.N.Y. June 26, 2007) (quotations and ellipses omitted).

Fundamentally, because every tire experiences wear, albeit at different rates depending

on a multitude of factors, if an allegation of premature tread wear was sufficient to state a

claim for breach of the implied warranty of merchantability, every tire manufacturer

would potentially be subject to such a claim for every tire, depending on the subjective

expectations of the owner.

     Although the Complaint asserts conclusory allegations that Plaintiffs' vehicles are

unfit for transportation, its factual allegations demonstrate the opposite. (Comp. at ¶¶ 88-

9

89.) Neither Plaintiff has encountered any difficulty while driving. (See id.) Plaintiff

Longo traveled on his original PAX System tires for 25,000 miles, and Plaintiff Thomas

traveled on his for more than 27,000 miles. (Id. at ¶¶ 46, 52.) The Complaint does not

allege any way in which the PAX System tires are unfit for transportation and therefore

fails to state a claim for breach of the implied warranty of merchantability.  See Saratoga

Spa & Bath, 230 A.D.2d at 330.

     **C.**    **The Complaint Fails to Allege the Creation of Any Warranty for a Particular Purpose.**

     "For an implied warranty of fitness for a particular purpose claim to arise, the

buyer must establish that the seller had reason to know, at the time of contracting, the

buyer's particular purpose for which the goods are required and that the buyer was

justifiably relying upon the seller's skill and judgment to select and furnish suitable

goods, and that the buyer did in fact rely on that skill." Saratoga Spa & Bath, 230 A.D.2d

at 331; see also N.Y. U.C.C. Law § 2-315.

     Plaintiffs allege that they purchased the PAX System for the particular purpose of

obtaining "tires that would last as long as, if not longer than, standard tires" and "an

economical tire system that would not cost significantly more than standard tires to repair

and/or replace." (Comp. at ¶¶ 94, 96.) These are not particular purposes. N.Y. U.C.C.

Law § 2-315, com. 2 ("A 'particular purpose' differs from the ordinary purpose for which

the goods are used in that it envisages a specific use by the buyer which is peculiar to the

nature of his business whereas the ordinary purposes for which goods are used are those

envisaged in the concept of merchantability and go to uses which are customarily made

10

of the goods in question.") Indeed, the allegations themselves demonstrate that Plaintiffs

intended the PAX System tires to operate as ordinary vehicle tires, with similar longevity

and associated costs.[3] (See Comp. at ¶¶ 94, 96.) Where a tire is purchased for use as an

ordinary vehicle tire, no warranty of fitness for a particular purpose is created. E.g.,

Hauck v. Michelin North Am., Inc., 343 F. Supp. 2d 976, 988 (D. Colo. 2004) (rejecting

implied warranty of fitness for particular purpose claim because "Plaintiff alleges no

special purpose for this tire other than for use as an automobile tire."); McGown, 2005

WL 2662572 at *4 (rejecting implied warranty of fitness for particular purpose claim

because "the tire was on [plaintiff's] car and he was driving on it, as people customarily

do.").

　　　Moreover, an implied warranty of fitness for a particular purpose is not created

unless "the seller had reason to know, at the time of contracting, the buyer's particular

purpose for which the goods are required." Saratoga Spa & Bath, 230 A.D.2d at 331. As

this implies, "the creation of the warranty requires a direct exchange between buyer and

seller." Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 349 (2d Cir. 1986). The

Complaint here fails to allege any facts by which Michelin would have had reason to

know of Plaintiffs' subjective expectations regarding the PAX System. (See Comp. at ¶¶

―――――――――――――――

[3]　　Significantly, Plaintiffs do not challenge the specific service for which PAX System tires
　　　were designed: to permit drivers to operate their vehicles for up to 125 miles after
　　　experiencing a flat tire. (See Comp. at ¶ 2.)

11

93-98.) The Complaint alleges no direct contact between Plaintiffs and Michelin prior to Plaintiffs' purchases. (See id.) Nor does it allege that Plaintiffs read or were aware of any representation attributable to Michelin. (See id.) Because Plaintiffs' subjective expectations were not communicated to Michelin and did not arise from Michelin's representations, no warranty of fitness for a particular purpose could have been created. See Abraham, 795 F.2d at 349; cf. Nomo Agroindustrial Sa De CV v. Enza Zaden North Am., Inc., 492 F. Supp. 2d 1175, 1184 (D. Ariz. 2007) (finding no warranty of fitness for a particular purpose where the plaintiff received all representations and assurances regarding the product from a third party and did not rely on any representation by the vendor). Accordingly, Count II of Plaintiffs' Complaint should be dismissed for failure to state a claim.

**III.   The Complaint Fails to State a Claim for Fraudulent Concealment Because It Does Not Plead (a) Facts Creating a Duty to Disclose, (b) Scienter, or (c) Justifiable Reliance.**

To state a claim for common law fraudulent concealment, Plaintiffs must allege "concealment of a material fact which defendant was duty-bound to disclose, scienter, justifiable reliance, and injury." Mitschele v. Schultz, 36 A.D.3d 249, 254-55, 826 N.Y.S.2d 14 (1st Dep't 2006); see also P.T. Bank Cent. Asia v. ABN AMRO Bank N.V., 301 A.D.2d 373, 376, 754 N.Y.S.2d 245 (1st Dep't 2003). Plaintiffs' Complaint fails to satisfy any of these requirements.

**A.   Plaintiffs Do Not Allege Facts Giving Rise to a Duty to Disclose.**

"Under New York law, a duty to disclose material facts arises (1) where there is a fiduciary relationship between the parties, or (2) where one party possesses superior

12

knowledge, not readily available to the other, and knows that the other party is acting on the basis of mistaken knowledge." In re WorldCom, Inc., 374 B.R. 94, 106-07 (Bankr. S.D.N.Y. 2007). See also Brass v. American Film Techs., Inc., 987 F.2d 142, 152 (2d Cir. 1993) ("[A] fraudulent concealment claim based on superior knowledge must allege that the defendant 'knew that the plaintiff was acting under a mistaken belief with respect to a material fact.'").

Plaintiffs have not pleaded any facts that would create a duty to disclose. The Complaint fails to allege any contractual, confidential or fiduciary relationship between Michelin and Plaintiffs. (See Comp.) Indeed, the Complaint makes clear that Plaintiffs dealt exclusively with Honda in purchasing their vehicles equipped with PAX System tires. (Id. at ¶¶ 44, 51.) Further, as explained above, because Plaintiffs' contacts were exclusively with Honda, Michelin had no basis to know that Plaintiffs were acting under a mistaken belief with respect to a material fact. Therefore, Plaintiffs have failed to adequately allege a duty to disclose. See Brass, 987 F.2d at 152; WorldCom, Inc., 374 B.R. at 106-07.

## B.   Plaintiffs Do Not Allege Scienter.

"[C]onclusory statement[s] of intent [do] not adequately plead sufficient details of scienter." Zanett Lombardier, Ltd. v. Maslow, 29 A.D.3d 495, 496-97, 815 N.Y.S.2d 547, 548 (1st Dep't 2006); see also WorldCom, Inc., 374 B.R. at 107. Rather, the Complaint must "adequately identif[y] circumstances indicating conscious behavior by the defendants." Brass, 987 F.2d at 153. Under this standard, it is clear that Plaintiffs have failed to adequately allege scienter. The Complaint offers only unfounded

13

assertions as to what "Defendants knew" about the PAX System and the conclusory allegation that "Defendants intentionally concealed and/or failed to disclose the problems with the Vehicles and the PAX System." (Comp. at ¶¶ 106-08, 112.) Plaintiffs offer no factual allegations suggesting that Michelin consciously or actively intended to conceal information. (See id.) Thus, Plaintiffs have failed to plead scienter. See Zanett Lombardier, 29 A.D.3d at 496-97.

### C.    Plaintiffs Do Not Allege Justifiable Reliance.

Plaintiffs also have failed to plead reliance. Plaintiffs did not communicate with Michelin prior to making their purchases and were not even aware of any Michelin materials prior to purchasing their vehicles. (See Comp.) Under Iqbal, it simply is not plausible that the only Michelin disclosure that Plaintiffs would have seen is the one they allege was not made. See Shea v. Hambros PLC, 244 A.D.2d 39, 46-47, 673 N.Y.S.2d 369 (1st Dep't 1998) ("To show reliance, [the plaintiff] must demonstrate that [it] was induced to act [or] refrain from acting to [its] detriment by virtue of the alleged misrepresentation or omission.") (internal quotation marks and citation omitted); Mayatextil, S.A. v. Liztex U.S.A., Inc., No. 92 CIV. 4528 (LJF), 1993 WL 180371, *5 (S.D.N.Y. May 19, 1993) ("she would have acted differently had she known of the concealment"); cf. Mirkin, 5 Cal. 4th at 1093 ("One need only prove that, had the omitted information been disclosed one would have been aware of it and behaved differently.") Thus, Plaintiffs have failed to allege justifiable reliance. See Mitschele, 36 A.D.3d at 254-55; P.T. Bank Cent. Asia, 301 A.D.2d at 376. Accordingly, Count III should be dismissed as legally deficient.

14

**IV.    Plaintiffs Have Failed to State a Claim for Unjust Enrichment.**

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004); accord Golden Pac. Bancorp v. FDIC, 375 F.3d 196, 203 n.8 (2d Cir. 2004). In addition, "the existence of an adequate legal remedy precludes a remedy for unjust enrichment." International Equity Invs., Inc. v. Opportunity Equity, 472 F. Supp. 2d 544, 555 (S.D.N.Y. 2007).

Plaintiffs' bare-bones Count attempting to allege unjust enrichment fails to plead any of the substantive requisites for such a cause of action. The Complaint fails to allege that Michelin was enriched in any way by the conduct alleged. Indeed, the Complaint makes clear that Plaintiffs paid Michelin no money for the original PAX System tires that they allege are defective. Rather, Plaintiffs affirmatively allege that they purchased their vehicles from Honda dealerships, not from Michelin. (Comp. at ¶¶ 44, 51.) Therefore, the Complaint does not allege that Plaintiffs have enriched Michelin in any way.

Plaintiffs have alleged no facts supporting their conclusory allegation that Michelin has been enriched "at the expense of Plaintiffs." (Id. at ¶ 118.) Each Plaintiff received the PAX System he purchased, and for each Plaintiff, the PAX System tires functioned throughout their useful lives. Neither Plaintiff has ever experienced any problems while driving on his PAX System tires. (See Comp.)    See Smith v. Chase Manhattan Bank, USA, N.A., 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 102-03 (2d Dep't

15

2002) ("The plaintiffs failed to state a cause of action to recover damages for unjust enrichment since the members of the plaintiffs' class who made purchases of products and/or services received a benefit.")

Finally, Plaintiffs fail to allege the absence of a remedy provided by law. Indeed, the three preceding causes of action each purport to identify legal remedies for the very same alleged conduct. Therefore, the Complaint fails to state a claim for unjust enrichment, see International Equity Invs., 472 F. Supp. 2d at 555, and Count IV of Plaintiffs' Complaint should be dismissed for failure to state a claim.

16

## Conclusion

For these reasons, Michelin North America, Inc. respectfully requests that this Court

dismiss Plaintiffs' Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), award

Michelin its costs, and order such further relief as the Court deems appropriate.

DATED:    New York, New York        BRYAN CAVE LLP
December 7, 2007

By_____/s/  Eva L. Jerome
Eva L. Jerome (EJ 9911)
1290 Avenue of the Americas
New York, New York  10104
Telephone:  212-541-2000
Facsimile:  212-541-1436
eljerome@bryancave.com

*Attorneys for Defendant*
*Michelin North America, Inc.*

OF COUNSEL

BRYAN CAVE LLP
Peter W. Herzog
Richard P. Cassetta
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

17

C045351/0214771/1458863.1