IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nicholas Longo and Jibin Thomas, On Behalf of Themselves and All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., and MICHELIN NORTH AMERICA, INC.,<br><br>           Defendants. | Case No.:07-CIV-9339 (CLB)(GAY) |

MEMORANDUM OF LAW
OF AMERICAN HONDA MOTOR CO.,INC.,
IN SUPPORT OF ITS MOTION TO DISMISS

GREENBAUM, ROWE, SMITH & DAVIS LLP
75 Livingston Avenue
Suite 301
Roseland, New Jersey 07068
(973) 535-1600
Attorneys for Defendant,
American Honda Motor Co., Inc.

Robert M. Goodman (RG7659),
      Of Counsel

C. Brian Kornbrek (CK0987)
      On the Brief

965224.02

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................... 1

ARGUMENT ........................................................ 2

    POINT I ..................................................... 2

    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM
    UNDER NEW YORK'S DECEPTIVE TRADE PRACTICES ACT ............. 2

        A.    Plaintiffs Have Not Established a
             Causal Connection ............................... 3

        B.    Plaintiffs Have Failed to Allege an
             Actionable Omission ............................. 3

    POINT II .................................................... 4

    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR
    BREACH OF IMPLIED WARRANTY ................................. 4

        A.    The Complaint Fails as It Does Not
             Allege Privity .................................. 4

        B.    Plaintiffs' Remaining Implied Warranty
             Claims Fail to State a Claim .................... 5

    POINT III ................................................... 5

    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR
    FRAUDULENT CONCEALMENT ..................................... 5

        A.    Plaintiffs' Complaint Fails to
             Establish a Duty. ............................... 6

    POINT IV .................................................... 8

    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR
    UNJUST ENRICHMENT .......................................... 8

-iii-

## TABLE OF AUTHORITIES

Page

**Cases**

Briarpatch Ltd. v. Phoenix Pictures, Inc.,
  373 F.3d 296 (2d Cir. 2004) .................................8

Gale v. International Business Machines Corp.,
  9 A.D.3d 446 (2d Dept. 2004) ................................3

Henry v. Rehab Plus Inc.,
  404 F. Supp. 2d 435 (E.D.N.Y. 2005) .........................3

Hole v. General Motors Corp.,
  83 A.D.2d 715 (3d Dept. 1981); ..............................5

International Equity Investments, Inc. v. Opportunity
  Equity, 472 F. Supp. 2d 544 (S.D.N.Y. 2007) ..............8, 9

Maurizio v. Goldsmith,
  230 F.3d 518 (2d Cir. 2000) .................................2

Mitschele v. Schultz,
  36 A.D.3d 249 (1st Dept. 2006) ..............................6

Shea v. Hambros PLC,
  244 A.D.2d 39 (1st Dept. 1998) ..............................7

WorldCom, Inc.,
  374 B.R. 94 (Bkrtcy. S.D.N.Y. 2007) .........................6

Zanett Lombardier, Ltd. v. Maslow,
  29 A.D.3d 495 (1st Dept. 2006) ..............................6

**Statutes**

Fed. R. Civ. P. 12(b)(6) .....................................10

**INTRODUCTION**

Defendant American Honda Motor Co., Inc. ("AHM"), respectfully submits this memorandum of law in support of its motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In their complaint, plaintiffs seek to assert a class action related to the Michelin PAX Tire System which is a "run flat" tire system fitted on certain Honda Odyssey and Acura RL vehicles. Plaintiffs' complaint here, like the complaints filed in other putative class actions concerning the Michelin PAX Tire System,[1] fails to state a claim and should be dismissed.

As set forth in the Memorandum of Law submitted on behalf of Michelin North America, Inc. ("Michelin"), plaintiffs' complaint fails to state a claim for which relief can be granted. Plaintiffs' claim under the New York Deceptive Trade Practices Act ("DTPA") fails because their complaint does not identify an actionable omission and does not allege any causal relationship between the alleged deceptive practices and any alleged harm. Plaintiffs' implied warranty claim fails because of a lack of privity and because the PAX tires function to provide transportation throughout their useful lives. Plaintiffs' fraudulent concealment claim fails because

---

[1] See Memorandum of Law submitted by Michelin North America, Inc., in support of its motion to dismiss ("Michelin Memorandum") at n.1.

965224.02

plaintiffs' complaint does not plead facts that would give rise to a duty to disclose, scienter, or justifiable reliance. Finally, plaintiffs' unjust enrichment claim fails because plaintiffs' complaint does not allege facts supporting a claim that AHM was unjustly enriched or that this enrichment was at plaintiffs' expense.

Based on the argument set forth below and that set forth in the Memorandum of Law submitted by Michelin,[2] AHM respectfully requests that the Court grant its motion and dismiss plaintiffs' complaint with prejudice.

## ARGUMENT

### POINT I

**PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UNDER NEW YORK'S DECEPTIVE TRADE PRACTICES ACT**

As set forth in Michelin's memorandum, "[t]o make out a *prima facie* case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000). It is the relationship between the second and third elements that is the focus of this motion. Namely, the issue is plaintiffs' failure

---

[2] AHM joins in the motion to dismiss filed by Michelin, and it joins in the Michelin Memorandum.

to allege a causal connection between the alleged deceptive acts and any alleged harm.

### A. Plaintiffs Have Not Established a Causal Connection

The arguments set forth by Michelin in connection with the DTPA claim have equal applicability to AHM. Plaintiffs' complaint does not allege any causal connection between AHM's allegedly deceptive conduct and plaintiffs' alleged harm. While the complaint identifies representations purportedly made by AHM, it does not allege that plaintiffs read or were aware of those representations. (See id. at ¶¶ 14, 15, 16.) Courts have properly rejected such pleadings. See Gale v. International Business Machines Corp., 9 A.D.3d 446, 447, 781 N.Y.S.2d 45, 47 (2d Dept. 2004); Michelin Memorandum at Point I, A.

### B. Plaintiffs Have Failed to Allege an Actionable Omission

Plaintiffs' complaint also fails in that the primary assertion is that AHM did not provide certain information to plaintiffs. (See Complaint.) That is, the claim under the DTPA is for an omission rather than an affirmative misrepresentation. However, an omission may be actionable under the DTPA only where it renders other statements by the defendant misleading. Henry v. Rehab Plus Inc., 404 F. Supp. 2d 435, 445 (E.D.N.Y. 2005). Again, plaintiffs' complaint fails to allege that plaintiffs read any alleged statements, and plaintiffs' complaint also does not allege that AHM took any active steps to

-3-

965224.02

prevent consumers from finding the allegedly material information. Without such allegations, plaintiffs' complaint fails as a matter of law. See id., Michelin Memorandum at Point I, B.

\* \* \*

Therefore, plaintiffs have failed to allege an actionable omission against AHM under the DTPA, and AHM respectfully requests that the Court dismiss the First Claim of plaintiffs' complaint with prejudice.

## POINT II

**PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY**

The arguments set forth in the Michelin Memorandum with respect to plaintiffs' implied warranty claims also apply equally to AHM.

### A. The Complaint Fails as It Does Not Allege Privity

AHM was not in privity with plaintiffs as the vehicles were sold to plaintiffs by independent Honda dealerships, not by AHM. (See Plaintiffs' Complaint ¶¶ 4-5) The only connection between AHM and plaintiffs referenced in the complaint are the express limited warranties issued by Honda with respect to the vehicle. As Michelin sets forth in its memorandum, such an express warranty is insufficient to establish privity. Hole v. General

-4-

965224.02

Motors Corp., 83 A.D.2d 715, 717, 442 N.Y.S.2d 638, 640 (3d Dept. 1981); Michelin Memorandum at Point II, A.

### B. Plaintiffs' Remaining Implied Warranty Claims Fail to State a Claim

Similarly, Michelin's arguments with respect to the implied warranty for fitness for a particular purpose and the implied warranty of merchantability are directly applicable to plaintiffs' claims against AHM, and plaintiffs' claims should be dismissed for the reasons set forth in the Michelin Memorandum. See Michelin Memorandum at Point II, B and II, C.

*   *   *

Therefore, plaintiffs have failed to allege an actionable breach of implied warranty claim against AHM, and AHM respectfully requests that the Court dismiss the Second Claim of plaintiffs' complaint with prejudice.

### POINT III

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR FRAUDULENT CONCEALMENT

The arguments in the Michelin Memorandum also apply to the fraudulent concealment claim. To state a claim for common law fraudulent concealment, plaintiffs must allege "concealment of a material fact which defendant was duty-bound to disclose, scienter, justifiable reliance, and injury." Mitschele v.

Schultz, 36 A.D.3d 249, 254-55, 826 N.Y.S.2d 14, 19 (1st Dept. 2006).

### A. Plaintiffs' Complaint Fails to Establish a Duty.

"Under New York law, a duty to disclose material facts arises (1) where there is a fiduciary relationship between the parties, or (2) where one party possesses superior knowledge, not readily available to the other, and knows that the other party is acting on the basis of mistaken knowledge." In re WorldCom, Inc., 374 B.R. 94, 106-07 (Bkrtcy. S.D.N.Y. 2007).

Plaintiffs' complaint does not allege any facts that would create a duty to disclose because it fails to allege any contractual, confidential or fiduciary relationship between AHM and plaintiffs. (See Complaint.) Indeed, plaintiffs dealt exclusively with independent Honda dealers in purchasing their vehicles equipped with PAX System tires. (Id. at ¶¶ 44, 51.) As such, AHM had no basis to know that plaintiffs were acting under a mistaken belief with respect to a material fact. Therefore, plaintiffs have failed to adequately allege a duty to disclose. WorldCom, Inc., 374 B.R. at 106-07.

### B. Plaintiffs Do Not Allege Scienter.

"[C]onclusory statement[s] of intent [do] not adequately plead sufficient details of scienter." Zanett Lombardier, Ltd. v. Maslow, 29 A.D.3d 495, 495-96, 815 N.Y.S.2d 547, 548 (1st Dept. 2006). As set forth in the Michelin Memorandum, it is

-6-

965224.02

clear that plaintiffs have failed to adequately allege scienter. See Michelin Memorandum, Point III, B. Plaintiffs' complaint offers no factual allegations suggesting that AHM acted consciously or actively intended to conceal information.

### C. Plaintiffs Do Not Allege Justifiable Reliance.

Plaintiffs also have failed to plead reliance. As with Michelin, plaintiffs did not communicate with AHM prior to making their purchases and do not even allege awareness of any AHM materials prior to purchasing their vehicles. (See Complaint.) As set forth in the Michelin Memorandum, it simply is not plausible that the only AHM disclosure that plaintiffs would have seen is the one they allege was not made. See Shea v. Hambros PLC, 244 A.D.2d 39, 46-47, 673 N.Y.S.2d 369 (1st Dept. 1998); Michelin Memorandum, Point III, C.

\* \* \*

Therefore, plaintiffs have failed to allege an actionable fraudulent concealment claim against AHM, and AHM respectfully requests that the Court dismiss the Third Claim of plaintiffs' complaint with prejudice.

965224.02

## POINT IV

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Lastly, the argument set forth in the Michelin Memorandum also applies to plaintiffs' last claim. "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004). In addition, "the existence of an adequate legal remedy precludes a remedy for unjust enrichment." International Equity Investments, Inc. v. Opportunity Equity, 472 F. Supp. 2d 544, 555 (S.D.N.Y. 2007).

Plaintiffs' complaint fails to allege that AHM has been unjustly enriched in any way. Plaintiffs allegedly purchased vehicles with the PAX Tire System, they paid for a vehicle with the PAX Tire System, and they allegedly received a vehicle with the PAX Tire System. There is no allegation that AHM received a benefit for a system that was not provided.

Similarly, plaintiffs have failed to allege in any specific way that AHM has been enriched "at the expense of plaintiffs." (Id. at ¶ 118.) Again, each plaintiff received the PAX System he purchased, and for each plaintiff, the PAX System tires

-8-

functioned throughout their useful lives. Neither plaintiff alleges that he experienced any problem while driving on his PAX System tires. (See Complaint.) See Smith v. Chase Manhattan Bank, USA, N.A., 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 102-03 (2d Dept. 2002).

Finally, plaintiffs fail to allege the absence of a remedy provided by law. This is particularly true for plaintiffs' breach of implied warranty claims. See International Equity Investments, Inc., 472 F. Supp. 2d at 556. This is fatal to plaintiffs' unjust enrichment claim.

\* \* \*

Therefore, plaintiffs have failed to allege an actionable unjust enrichment claim against AHM, and AHM respectfully requests that the Court dismiss the Fourth Claim of plaintiffs' complaint with prejudice.

965224.02

-10-

**CONCLUSION**

For these reasons, American Honda Motor Co., Inc., respectfully requests that this Court dismiss plaintiffs' complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and order costs and such further relief as the Court deems appropriate.

                        **GREENBAUM, ROWE, SMITH & DAVIS LLP**
                        Attorneys for Defendant,
                        American Honda Motor Co., Inc.

                        By _____
                           ROBERT M. GOODMAN (RG7659)

Dated: December 7, 2007