
Kevin P. Roddy (KR- 2359)
Daniel R. Lapinski (DL-7447)
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Woodbridge, NJ 07095
Telephone: (732) 636-8000
Facsimile: (732) 855-6117
kroddy@wilentz.com
dlapinski@wilentz.com

*Attorneys for Plaintiffs and the Class*
(Additional counsel appear on signature page)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS LONGO and JIBIN THOMAS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., and MICHELIN NORTH AMERICA, INC.,<br><br>Defendants. | No.: 07-cv-9339 (CLB)(GAY) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS AMERICAN HONDA MOTOR CO., INC'S AND MICHELIN NORTH AMERICA, INC.'S MOTIONS TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

#3833941

## INTRODUCTION

On November 13, 2007, Defendant, Michelin North America, Inc. ("Michelin"), requested the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this and three other pending actions to a single judge in the United States District Court for the District of Maryland for coordinated or consolidated pretrial proceedings.[1] Although Plaintiffs do not oppose Michelin's transfer motion, in each of the related actions Plaintiffs are seeking transfer to the United States District Court for the Northern District of Illinois.[2] The JPML will hear argument on Michelin's motion to transfer on January 30, 2008, in Phoenix, Arizona. In re Michelin North America, Inc., PAX System Marketing & Sales Practices Litigation, MDL No. 1911.

On December 7, 2007, in an effort to avoid all pretrial obligations in this pending case, Defendant Michelin asked this Court to stay all proceedings pending resolution of its Motion for Transfer before the JPML. On the same date, Defendant American Honda Motor Co., Inc. ("Honda"), filed a Notice of Motion to Stay Proceedings wherein it stated that "the within motion is supported by the Memorandum of Law filed by Michelin North America, Inc., in support of its motion to stay." Honda Motion to Stay, Docket No. 15, p. 2). Plaintiffs' Opposition is directed to both Michelin's and Honda's Motions to Stay the proceedings in this pending action.

As outlined below, Defendants' motions fail to offer any justification as to why this Court, in its discretion, should stay this proceeding pending a decision by the JPML.

---

[1]   The actions Michelin seeks to consolidate or coordinate with the present action are 1) Palmer v. American Honda Motor Co., Inc., Civil Action No. CV07-1904-PHX-DGC (D. Ariz.); 2) Williams v. American Honda Motor Co., Inc., Civil Action No. 07-cv-5933 (MWD)(N.D. IL.); and 3) Smith v. American Honda Motor Co., Inc., Civil Action No .07-61524 (S.D. Fla.) (hereinafter "Related Actions").

[2]   On December 3, 2007, Defendant American Honda Motor Co., Inc. filed a Response to Michelin's Motion to Transfer, stating that it has no opposition to that motion.

Accordingly, Defendants' motions to stay should be denied.

## ARGUMENT

It is well settled that "[t]he pendency of a motion…before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 *does not affect or suspend orders and pretrial proceedings in the district court* in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." JPML Rule 1.5 (emphasis added); see also In re: Duke Energy Corp. Secs. Litig., 2002 U.S. Dist. LEXIS 15406, *3 (S.D.N.Y. Aug 16, 2002) ("The filing of a motion before the MDL Panel does not require this Court to defer its consideration of the motions for appointment of lead plaintiff and lead counsel *or in any other way defer the progress of this case*.") (emphasis added); Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) ("a district judge *should not automatically stay discovery, postpone rulings on pending motions*, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation.") (emphasis added). Instead, the determination whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). The determination to stay proceedings is within this Court's discretion and is appropriate when it serves the interests of judicial economy and efficiency. See Weisman v. Southeast Hotel Prop. Ltd. Partnership, 1992 U.S. Dist. LEXIS 7736, *17 (S.D.N.Y. June 1, 1992).

In determining whether pretrial proceedings should be stayed, this Court should consider three factors: (1) whether a stay will conserve judicial resources and avoid duplicative litigation; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the potential prejudice to the non-moving party. Rivers, 980 F. Supp. at 1360. However, because this Court

can address preliminary matters while the JPML deliberates, general delays in deference to the JPML are rarely advisable. See Weisman, U.S. Dist. LEXIS 7736, *17 ("because the district court can resolve preliminary matters while the Panel deliberates, such general delays are 'rarely… advisable'") (citation omitted). In considering the aforementioned factors, Defendants' motions to stay this case should be denied.

### 1. Staying The Proceedings Will Prejudice Plaintiffs And The Class

A decision by this Court to stay proceedings will prejudice Plaintiffs and the Class. To start, Plaintiffs served requests for discovery on both Defendants on December 20, 2007. By granting a stay, Plaintiffs and the Class will be denied the opportunity to obtain responses to discovery in a timely fashion and, instead, will be required to await a decision of the JPML and the transfer of cases to a yet-to-be-determined court. Plaintiffs and the Class would be further prejudiced in that they would be required to serve duplicative discovery requests in the transfer court. Because Defendants will have to respond to the same discovery regardless of whether or where the cases are consolidated there is no reason to stay proceedings and delay discovery, especially since the parties in the Related Actions are largely represented by the same counsel and any subsequent discovery can be easily coordinated.

Plaintiffs and Class members will be further prejudiced by delay because they will continue to be harmed by Defendants' misrepresentations and concealments of material information regarding PAX System tires and wheel assemblies. See Terkel v. AT&T, Inc., 2006 WL 1663456, *3(N.D. Ill. June 09, 2006) (denying motion for stay where alleged violations and resulting harm were ongoing and plaintiffs sought injunctive relief to stop wrongful conduct). Because the PAX System tires wear prematurely and render the vehicles inherently defective, Plaintiffs and Class members will continue to be harmed by having to repair or replace the tires

4

and system at exorbitant prices and inconvenience, and by potentially being stranded without adequate repair facilities. As a result of the prejudice Plaintiffs and Class members will face if a stay is granted, this Court should deny Defendants' motions.

### 2. Defendant Will Not Suffer Any Hardship or Inequity By Proceeding With This Litigation.

As outlined above, Plaintiffs and Class members will be prejudiced if the Court grants a stay. Accordingly, because there is at least a "fair possibility" that Plaintiffs and Class members would be damaged by a stay, Defendants must demonstrate a clear case of hardship or inequity to justify the grant of their motions. See Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3rd Cir. 1983) (citing Landis, 299 U.S. at 255) ("It is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party."). Defendants have made no such showing; nor can they. Defendants have sought and been granted stays in the related matters pending in the Northern District of Illinois and the Southern District of Florida. As such, in contrast to Defendants' arguments pertaining to hardship and inequity, Defendants will not be forced to defend actions in multiple district courts. Likewise, there is no matter currently pending before the court in the District of Maryland where Defendants seek consolidation. As such, Defendants cannot argue hardship due to a need to defend matters in multiple district courts.

Similarly, Defendants' argument that the interests of judicial economy suggest that Defendants' motions to dismiss are better left to the JPML transferee court is unpersuasive. To start, Plaintiffs' Class Action Complaint alleges exclusively state law causes of action and, thus, Defendants' motions to dismiss relate specifically to the application of New York state law. There is no reason that a transferee court, as compared to this Court, should address arguments

pertaining to New York law. Defendants' reliance on Gorea v. Gillette Co., Case No. 05 Civ. 2425, 2005 WL 2373440 (W.D. Tenn., Sept. 26, 2005), to support their argument is misplaced. In Gorea, the district court found that a stay was warranted because it, along with the transferee court, would have had to apply the same federal law to address plaintiff's class certification motion. In contrast, the only motions pending before this Court would require application of New York law – the law that this Court is in the best position to interpret. Similarly, in Gonzales v. General Motors Corp., No. C07-2580 THE, 2007 WL 2406871 (N.D. Cal. Aug 20, 2007), another case relied upon by Defendants to support their argument that the Motion to Dismiss pending before the Court is better left to the JPML transferee court, the court granted a stay where claims on behalf of California residents were already before the transferee court.[3] See also Kennedy v. Novartis Pharm. Corp., No. CIV.A. 02-2331, 2002 WL 31051601 (E.D. La. Sept. 12, 2002) (same); Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, (D.N.J. 2003) (granting stay before deciding pending motion for preliminary injunction because plaintiff failed to show irreparable damage that would result from delay in granting injunction).

Alternatively, any hearing on Defendants' motions to dismiss could be continued until after the JPML ruling, while the parties proceed with other pretrial matters such as discovery. The logic to this approach is undeniable, especially here, where Defendants will be required to produce the *same* documents and the *same* witnesses regardless of whether the actions are transferred and consolidated. See Falk v. General Motors Corp., Case No. C-07-01731, 2007 WL 3101649, *3 (N.D. Cal. Oct. 22, 2007) (denying defendant's motion to stay discovery during the pendency of JPML proceeding and holding that discovery that will have to be taken at some

---

[3]   Gonzales, a California resident, brought claims alleging violations of various California state laws. In granting the stay the court recognized that the transferee court, the Eastern District of Michigan, already had before it a related national class action that included California plaintiffs. See In re: General Motors Onstar Litig., Case No. 2:07-cv-11830 (E.D. Mich.).

6

point, regardless of outcome of consolidation motion, cannot be characterized as hardship); see also C&F Packing Co., Inc. v. IBP, Inc., Case No. 93C1601, 1994 WL 36874, *3 (N.D. Ill. Feb. 7, 1994) (denying defendant's request to stay proceedings pending resolution of defendant's motion to dismiss).

### 3.    Judicial Resources Will Not Be Wasted By Allowing This Case To Proceed

Finally, denying Defendants' motions will not result in a waste of judicial resources or duplicative litigation. Each of the actions that Michelin seeks to consolidate or coordinate are in similar procedural postures, and there is no reason to delay coordinated discovery or adjudication of motions to dismiss arising from different states' laws. As the MDL Panel has long noted, "the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable." In re Penn Central Secs. Litig., 333 F. Supp. 382, 384(J.P.M.L. 1971). "Any discovery obtained prior to the Panel decision will benefit the parties to the action if transfer is denied and will presumably be made available to all other parties if transfer is ordered." Id.

The cases cited by Defendants in arguing that a stay will promote judicial economy are unpersuasive. For example, in citing Rivers, 980 F.Supp. at 1360, to argue that case management efforts will be duplicated by this Court and the transferee court, Defendants ignore the fact that the only items pending before this Court are pending discovery responses and motions to dismiss premised on application of New York law. This Court will not be required to undergo *any* case management efforts prior to the decision of the JPML.[4] Likewise, the posture of other cases relied upon by Defendants to argue that a stay will promote judicial economy are easily distinguishable from this matter. See Tench v Jackson Nat. Life Ins. Co., 1999 WL

---

[4] In Rivers, plaintiffs' sought the stay of an action that had proceeded through discovery and had reached the class certification stage.

7

1044923, *1 (N.D. Ill. Nov. 12, 1999) (granting stay in interest of judicial economy where four *other related cases had already been consolidated and were proceeding with coordinated discovery*); Kavalir v. Medtronic, 2007 WL 1225358, *4 (N.D. Ill. Apr. 19, 2007) (granting stay pending transfer of matter to court where *MDL consolidation of related matters had already occurred*); Azar v. Merck & Co., Inc., 2006 WL 3086943, *1 (N.D. Ind. Oct. 27, 2006) (grant of stay until determination of whether case should be transferred as "tag-along" action to *pending MDL proceedings*).  In contrast to the cases relied upon by Defendants, there are no related matters that have previously been consolidated that would result in duplicative efforts on the part of this Court.  As a result, Defendants' arguments that a stay will promote judicial economy are baseless.

## CONCLUSION

For the foregoing reasons, Defendants' motions to stay should be denied in their entirety.

Respectfully submitted,

WILENTZ, GOLDMAN & SPITZER P.A.

By: _____
Daniel R. Lapinski

DATE: December 21, 2007

Kevin P. Roddy
WILENTZ, GOLDMAN & SPITZER P.A.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
Telephone: (732) 636-8000
Facsimile: (732) 855-6117
dlapinski@wilentz.com
kroddy@wilentz.com

Lori E. Andrus (admitted *pro hac vice*)
Jennie Lee Anderson (admitted *pro hac vice*)
Micha Star Liberty
ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Facsimile: (415) 896-2249
lori@libertylaw.com
jennie@libertylaw.com

Mark F. Anderson
KEMNITZER, ANDERSON, OGILVIE &
BREWER LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 861-2265
Facsimile: (415) 861-3151
mark@kabolaw.com

James C. Shah
Natalie Finkelman Bennett
Nathan C. Zipperian
SHEPHERD, FINKELMAN, MILLER &
SHAH, LLC
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
jshah@sfmslaw.com
nfinkelman@sfmslaw.com
nzipperian@sfmslaw.com

James E. Miller
Patrick A. Klingman
Karen M. Leser
SHEPHERD, FINKELMAN, MILLER &
SHAH, LLC
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
jmiller@sfmslaw.com
pklingman@sfmslaw.com
kleser@sfmslaw.com

Thomas D. Mauriello
THE LAW OFFICES OF THOMAS D.
MAURIELLO, APC
22 Battery Street, Suite 1000
San Francisco, CA 94111
Telephone: (415) 677-1238
Facsimile: (415) 677-1233
tomm@maurlaw.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the following documents:

- PLAINTIFFS' OPPOSITION TO DEFENDANTS AMERICAN HONDA MOTOR CO., INC.'S AND MICHELIN NORTH AMERICA, INC.'S MOTIONS TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION; and

- CERTIFICATE OF SERVICE

were served this 20th day of December, 2007 via electronic case filing (ECF) upon the following counsel of record:

Attorneys for Defendant Michelin North America, Inc.:

| | |
|---|---|
| Peter W. Herzog III | Eva Jerome |
| Richard P. Cassetta | Bryan Cave LLP |
| Bryan Cave LLP | 1290 Avenue of the Americas |
| 211 North Broadway, Suite 3600 | New York, New York 10104 |
| St. Louis, MO 63102-2750 | |

Attorneys for Defendant American Honda Motor Company:

Robert M. Goodman
C. Brian Kornbrek
Greenbaum, Rowe, Smith & Davis, LLP
75 Livingston Avenue
Suite 301
Roseland, New Jersey 07068-3701

And electronically (by agreement) on all plaintiffs' counsel:

| | |
|---|---|
| Mark F. Anderson | mark@kabolaw.com |
| KEMNITZER, ANDERSON, OGILVIE & BREWER LLP | |
| | |
| James C. Shah | jshah@sfmslaw.com |
| Natalie Finkelman Bennett | nfinkelman@sfmslaw.com |
| Nathan C. Zipperian | nzipperian@sfmslaw.com |
| SHEPHERD, FINKELMAN, MILLER & SHAH, LLC | |
| | |
| James E. Miller | jmiller@sfmslaw.com |
| Patrick A. Klingman | pklingman@sfmslaw.com |
| Karen M. Leser | kleser@sfmslaw.com |
| SHEPHERD, FINKELMAN, MILLER & SHAH, LLC | |

Lori E. Andrus           lori@libertylaw.com
Jennie Lee Anderson      jennie@libertylaw.com
ANDRUS LIBERTY & ANDERSON, LLP

Thomas D. Mauriello      tomm@maurlaw.com
THE LAW OFFICES OF THOMAS D. MAURIELLO, APC

                                                /s/ Daniel R. Lapinski
                                                DANIEL R. LAPINSKI