**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

NICHOLAS LONGO, individually and on :
behalf of all others similarly situated, :
                Plaintiffs, :
                 :    **No. 07 Civ. 9339 (CLB) (GAY)**
                 :    **(ECF Case)**
    v. :
                 :
AMERICAN HONDA MOTOR CO., INC., and :
MICHELIN NORTH AMERICA, INC., :
                 :
             Defendants. :
-------------------------------------------------------------x

### DEFENDANT MICHELIN NORTH AMERICA, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

BRYAN CAVE LLP
Eva L. Jerome (EJ 9911)
1290 Avenue of the Americas
New York, New York  10104
Telephone:  212-541-2000
Facsimile:  212-541-1436
eljerome@bryancave.com
*Attorneys for Defendant Michelin*
*      North America, Inc.*

OF COUNSEL

BRYAN CAVE LLP
Peter W. Herzog
Richard P. Cassetta
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

# TABLE OF AUTHORITIES

## CASES

*Azar v. Merck & Co., Inc.*,
No. 3:06-cv-0579 *AS*, 2006 WL 3086943 (N.D. Ind. 2006) ........................................... 2-3

*Bonenfant v. R.J. Reynolds Tobacco Co.*,
2007 WL 2409980 (S.D. Fla. July 31, 2007) ................................................................. 2

*C&F Packing Co., Inc. v. IBP Inc.*,
1994 WL 36874 (N.D. Ill. Feb. 7, 1994) ....................................................................... 4

*Dowler v. Medicine Shoppe*,
2007 WL 2907519 (S.D. Ohio Oct. 3, 2007) ................................................................. 2

*Falk v. General Motors Corp.*,
2007 WL 3101649 (N.D. Cal. Oct. 22, 2007) ............................................................. 3, 4

*Gold v. Johns-Manville Sales Corp.*,
723 F.2d 1068 (3d Cir. 1983) ........................................................................................ 5

*Gorea v. Gillette Co.*,
No. 05 Civ. 2425, 2005 WL 2373440 (W.D. Tenn. Sept. 26, 2005) ........................... 3

*Hertz Corp. v. The Gator Corp.*,
250 F. Supp. 2d 421 (D.N.J. 2003) ............................................................................... 3

*Kennedy v. Novartis Pharmaceuticals Corp.*,
2002 WL 31051601 (E.D. La. Sept. 12, 2002) ............................................................. 4

*Kiffe v. Bristol-Myers Squibb*,
2003 WL 1462839 (E.D. La. Mar. 19, 2003) ................................................................ 4

*Kollar v. Conagra Foods*,
2007 WL 1774679 (W.D.N.Y. June 18, 2007) .............................................................. 4

*Tench v. Jackson National Life Insurance Co.*,
1999 WL 1044923 (N.D. Ill. 1999) ............................................................................ 4-5

*Terkel v. AT&T, Inc.*,
2006 WL 1663456 (N.D. Ill. June 9, 2006) .................................................................. 5

**INTRODUCTION**

Since the filing of Michelin's motion to stay these proceedings, a number of significant developments have occurred. First, the Judicial Panel for Multidistrict Litigation has set Michelin's motion to transfer this case and three other similar cases pursuant to 28 U.S.C. § 1407 for hearing on January 30, 2008.[1] Because all parties agree that this case and the other cases should be transferred for coordinated and/or consolidated pre-trial proceedings, and because the hearing date on Michelin's motion is in January, the parties will likely know in the very near future which court will preside over the pre-trial proceedings in these matters. Second, recognizing that it would be against the interests of judicial economy to allow discovery to proceed independently in these matters prior to a ruling by the Judicial Panel for Multidistrict Litigation, two of the three other federal district courts currently presiding over cases that are the subject of Michelin's § 1407 motion have entered stays[2] (a hearing date has not yet been set in the third). For the same reasons that the other two United States district court judges stayed the cases pending before them, this Court should also stay this matter.

It is plain that a stay will promote judicial economy. As is clear from the draft Rule 26(f) report that was submitted by the parties, there are significant disagreements between the parties regarding case management issues and the timing and scope of discovery. For example, both Defendants believe that Plaintiffs' Complaint fails to state a claim upon which relief can be granted and believe that the Complaint should be dismissed. Defendants also believe that until there is a ruling on class certification, discovery should be limited to class certification issues.

---

[1] See 12/13/07 Notice of Hearing Session, Exhibit 1 at 8.

[2] See 12/19/07 minute order entered by the United States District Court for the Northern District of Illinois in Williams v. American Honda Motor Co., Inc., et al., attached as Exhibit 2; 12/19/07 order staying action entered by the United States District Court for the Southern District of Florida in Smith v. American Honda Motor Co., Inc., et al., attached as Exhibit 3.

Ultimately, the Court to which the Judicial Panel on Multidistrict Litigation transfers this case and the other PAX cases will have to decide if Plaintiffs have stated a claim upon which relief can be granted, when discovery should commence, and what the scope of initial discovery should be, among other issues.  It would be unfair to this Court and to the parties to devote time and resources addressing these issues when the Judicial Panel on Multidistrict Litigation could transfer this case at any time, and the transferee court will ultimately have to decide them.[3]  Accordingly, the Court should grant Michelin's motion to stay.

## ARGUMENT

I.     <u>Judicial Economy and the Risk of Inconsistent Determinations Favor a Stay</u>

"[T]he very purpose of MDL transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings."  <u>Dowler v. Medicine Shoppe</u>, 2007 WL 2907519, *2 (S.D. Ohio Oct. 3, 2007) (granting stay).  Accordingly, "[i]t is common practice for courts to stay an action pending a transfer decision by the JPML."  <u>Bonenfant v. R.J. Reynolds Tobacco Co.</u>, 2007 WL 2409980, *1 (S.D. Fla. July 31, 2007).

Plaintiffs argue that a stay is not warranted because Michelin's motion to dismiss will be decided under state law.  However, this argument ignores that the factual allegations in the PAX cases are substantially similar, and it is undoubtedly more efficient for a single MDL transferee court to decide whether these allegations state a cause of action under the laws of any state involved.  Plaintiffs' argument also ignores the fact that the motion to dismiss will likely not be decided before the Panel rules on Michelin's 28 U.S.C. § 1407 motion, risking unnecessary work by this Court.  Judicial resources are wasted where each district court begins the process of

---

[3] None of the parties have suggested to the Judicial Panel on Multidistrict Litigation that the United States District Court for the Southern District of New York would be the appropriate jurisdiction to which to transfer the cases.

deciding issues in the case, only to lose jurisdiction following transfer.  E.g., Azar v. Merck & Co., Inc., No. 3:06-cv-0579 AS, 2006 WL 3086943, *1 (N.D. Ind. 2006) ("[T]he resources of this Court will not be well spent familiarizing itself with a case that it will likely lose jurisdiction over in the near future."); Gorea v. Gillette Co., No. 05 Civ. 2425, 2005 WL 2373440, *1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case … the court would have to use judicial resources in making rulings…in a case over which it might ultimately lose jurisdiction."); Hertz Corp. v. The Gator Corp., 250 F. Supp. 2d 421, 428 (D.N.J. 2003) ("To decide Hertz's motion before the MDL Panel decision, the Court would have to invest the time and resources in understanding the technology at issue and develop a better understanding of the facts than the parties have presented thus far.  Given the short time until the MDL Panel will consider the motion, this Court's immediate and substantial investment of time is a waste of judicial resources.").

Plaintiffs also argue that a stay is not necessary because plaintiffs in all the PAX cases are represented by nearly identical counsel, who can coordinate discovery and other pre-trial matters across the cases.  However, such informal coordination cannot effectively relieve the risk of inconsistent determinations.  The parties are entitled to have any discovery disputes heard by the court presiding over each case.  In addition, Plaintiffs' proposed informal coordination cannot eliminate the possibility of inconsistent determinations between the district courts and the MDL transferee court.  It could only create undue confusion to have a court enter orders that might later turn out to be inconsistent with the way in which any potential transferee court wishes to handle similar matters.

Plaintiffs offer no compelling authority for their position that denying a stay at such an early stage of litigation is beneficial to the parties or the Court.  The cases Plaintiffs cite are well

wide of the mark. The motion to stay in <u>Falk</u> came more than five months into the litigation,

after a motion to dismiss had been fully briefed and ruled upon, the defendant had already

responded to discovery requests and produced documents, the parties had scheduled depositions,

and a trial date had been set. <u>Falk v. General Motors Corp.</u>, 2007 WL 3101649 (N.D. Cal. Oct.

22, 2007). The procedural posture of this case is strikingly different—Michelin's motion to stay

is the first matter pending before this Court. <u>C&F Packing</u> is even further afield. That case

addresses only whether a plaintiff may take discovery prior to responding to defendant's motion

for summary judgment. <u>C&F Packing Co., Inc. v. IBP Inc.</u>, 1994 WL 36874 (N.D. Ill. Feb. 7,

1994).

## II.    A Stay Will Not Prejudice Plaintiff

A stay occurring at the very beginning of litigation and that will likely only be necessary

for a short period of time will not prejudice Plaintiffs. <u>See</u>, <u>e.g.</u>, <u>Kollar v. Conagra Foods</u>, 2007

WL 1774679, *1 (W.D.N.Y. June 18, 2007) ("Since no Scheduling Order is in place and thus no

deadlines for discovery have been set yet, a stay pending determination of the multidistrict

litigation issue would not prejudice the parties here.") The Judicial Panel on Multidistrict

Litigation will hear oral argument on Michelin's motion on January 30, 2008, and will likely

render its decision a few weeks thereafter.[4] <u>See</u> <u>Kiffe v. Bristol-Myers Squibb</u>, 2003 WL

1462839, *1 (E.D. La. Mar. 19, 2003) ("[I]t is the opinion of this Court that the plaintiff will not

be prejudiced by this temporary stay. Any prejudice resulting from this three to four week delay

is clearly outweighed by the benefit of judicial efficiency and avoidance of inconsistent

rulings."); <u>Kennedy v. Novartis Pharmaceuticals Corp.</u>, 2002 WL 31051601 (E.D. La. Sept. 12,

---

[4] The Panel decided 23 of the 25 petitions heard at oral argument in the September 2007 session
within seven weeks thereafter. Many were decided substantially sooner.
http://www.jpml.uscourts.gov.

2002) (same); <u>Tench v. Jackson Nat. Life Ins. Co.</u>, 1999 WL 1044923 (N.D. Ill. 1999) (no

prejudice where delay is short).  Indeed, <u>Gold</u>, the asbestos case on which Plaintiffs rely,

contemplated the prospect of plaintiffs and crucial witnesses dying over the course of a lengthy

and indefinite stay, and even there, the Third Circuit refused to reverse the stay entered by the

district court. <u>Gold v. Johns-Manville Sales Corp.</u>, 723 F.2d 1068, 1075-76 (3d Cir. 1983).

Nor are these proceedings automatically exempt from a stay merely because Plaintiffs'

Complaint seeks injunctive relief.  In <u>Terkel</u>, the case upon which Plaintiffs rely, the plaintiffs

had already moved for a preliminary injunction before the defendants sought a stay.  The court

weighed the immediate and irreparable harm alleged by the plaintiffs against the defendants'

apparent ambivalence, noting that defendants had not sought to stay the other cases awaiting

transfer to the MDL.  <u>Terkel v. AT&T, Inc.</u>, 2006 WL 1663456 (N.D. Ill. June 9, 2006).  Here,

Plaintiffs have not sought a preliminary injunction, nor would they have any basis to do so, as

they do not allege immediate and irreparable harm.  In addition, Michelin has taken all necessary

steps to conserve judicial resources and minimize its need to defend in disparate fora; Michelin

has moved to stay all cases awaiting transfer.

Stripped of these two purported prejudices, Plaintiffs offer this Court no compelling

reason why pre-trial proceedings must continue before the Panel issues its ruling.  Indeed, while

arguing to this Court that there is an immediate and urgent need for the parties to press forward

with the case, Plaintiff's counsel proposed and entered into a stipulation in one of the other PAX

cases they filed staying their obligation to respond to Michelin's motion to dismiss in order to

conserve judicial resources.[5] The theoretical prejudice of delaying proceedings a few weeks

cannot outweigh the very real hardship of exposing Michelin to inconsistent rulings and the need

---

[5] <u>See</u> Stipulation for Extension of Time filed in the <u>Palmer</u> case, attached as Exhibit 4.

to defend itself in multiple fora.  Nor can it override this Court's interest in judicial economy and

efficient docket management.

## CONCLUSION

Accordingly, defendant Michelin respectfully requests that the Court grant its motion to

stay all proceedings in this case pending a decision by the Judicial Panel on Multidistrict

Litigation on Michelin's motion for transfer and consolidation pursuant to 28 U.S.C. § 1407.


DATED:   New York, New York
         December 28, 2007

BRYAN CAVE LLP

By____/s/_Eva L. Jerome_____
Eva L. Jerome (EJ 9911)
1290 Avenue of the Americas
New York, New York  10104
Telephone:  212-541-2000
Facsimile:  212-541-1436
eljerome@bryancave.com

*Attorneys for Defendant*
   *Michelin North America, Inc.*


OF COUNSEL

BRYAN CAVE LLP
Peter W. Herzog
Richard P. Cassetta
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020